## LA CROIX *v.* MAY and others.

*(Circuit Court, S. D. New York. January, 1883.)*

**1. TRADE-MARKS—RIGHTS OF ALIENS—PROPERTY IN, AS AFFECTED BY ACTS OF CONGRESS.**

The fact that one is an alien does not affect his right of property in a trademark; but that fact is a necessary allegation to establish the requisite diversity of citizenship to confer jurisdiction upon a federal court. The acts of congress fortify the common-law right to a trade-mark by conferring a statutory title upon the owner, but "property in trade-marks does not derive its existence from an act of congress." 100 U. S. 82. By the express terms of section 10 of the present act of congress the common-law right in trade-marks is preserved intact.

**2. SAME—DEMURRER.**

Where the demurrer was to the whole bill, and the bill was in itself sufficient, aside from the allegations contained in it, upon which the demurrer was taken, the demurrer was overruled.

*S. W. Weiss*, for complainant.

*Briesen & Betts*, for defendants.

WALLACE, J. The facts alleged in the complainant's bill entitle him to an injunction restraining defendants from the use of his trade-

mark, irrespective of the rights which he acquired by the registration of his trade-mark under the act of congress of March 3, 1881. *Taylor* v. *Carpenter*, 3 Story, 458; 2 Wood. & M. 1; *Taylor* v. *Carpenter*, 11 Paige, 296. The fact that complainant is an alien does not affect his right of property in a trade-mark; but that fact, as it establishes the requisite diversity of citizenship between the parties to confer jurisdiction upon this court, is indispensable to the cause of action alleged.

The act of congress fortifies the common-law right to a trade-mark by conferring a statutory title upon the owner; but, as was said of a former act, (*The Trade-mark Cases*, 100 U. S. 82,) "property in trade-marks does not derive its existence from an act of congress." The present act does not abridge or qualify the common-law right, but, by the express term of section 10, preserves it intact.

The theory of the demurrer is that the complainant's statutory title upon the allegations of the bill is invalid. It is not necessary to decide the questions raised, because, as the demurrer is to the whole bill, the bill is sufficient if all the allegations concerning a registration of the trade-mark were eliminated.

Demurrer is overruled.

See *Burton* v. *Stratton*, 12 FED. REP. 696, and note, 704, and *Shaw Stocking Co.* v. *Mack*, Id. 707, and note, 717