GLOBE-GAZETTE PRINTING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3899, 18457, 24196.   Promulgated April 24, 1929.

*Edward S. Bentley, Esq.*, and *Clifford Yewdall, C. P. A.*, for the petitioner.

*Alva C. Baird, Esq.*, and *A. H. Willey, Esq.*, for the respondent.

OPINION.

MARQUETTE: The first question presented by the record herein is whether the respondent erred in changing the petitioner's returns of income for the years 1919, 1921, and 1923 from a calendar year to a fiscal year basis. The parties agree that if we resolve this issue in favor of the petioner, the question relative to the running of the statute of limitations will be obviated.

We are not advised of the reason that moved the respondent in his determination that the petitioner's returns should have been made on the basis of a fiscal year. The only fact that has been brought to our attention that might be construed as a ground for that act is that the petitioner's books which were kept during the years for which the returns in question were made had been opened as of October 1, 1918, and that they were " ruled off " on September 30 of each year. However, they were not closed on September 30 of any year on an annual basis, and the evidence clearly and convincingly negatives any action or intent on the part of the petitioner's officers to keep them or to report its income on other than the basis of a calendar year. It was the consistent practice of the petitioner in the year 1918 and prior years to report its income on the calendar year basis, and it followed that practice during the years 1919 to 1923, inclusive. The petitioner's books clearly reflect its income for the calendar years and under the circumstances we see no reason, either in fact or in law, warranting the respondent in requiring the petitioner to change to a fiscal years basis. In the case of *Pittsburgh Bridge & Iron Works, Inc.* v. *Heiner*, 25 Fed. (2d) 900, sustaining the taxpayer's return of income on a calendar year basis, the court said:

While the books of the corporation were ruled off as if closed on a yearly period ending May 31st, of each year, the witness testified that he considered that the books of the company were on a monthly basis, because an accurate profit and loss statement, as well as a balance sheet, were taken off each month and these statements were preserved as original records of the company. * * *.

The method adopted by the plaintiff must be regarded with favor because it was the method continuously adopted for the period of ten years or more, and exhibiting to the Board of Directors, who were vitally interested in knowing the exact financial condition of the company, the profit and loss from month to month. It is entirely clear that the return for 1917, was a calendar year return. I am by no means satisfied that the method adopted by the Commissioner of taking two full fiscal years and then obtaining a calendar year return by taking 5/12ths of 1917, and 7/12ths of 1918, reflects with as much accuracy, the true net income for the year 1917, as that shown by the plaintiff's return. As no evidence was offered on the part of the defendant, there was no effort to justify the arbitrary allocation of income.

See, also, *Darling-McDuff Coal Co.*, 15 B. T. A. 110; *Marlboro Fertilizer Co.*, 3 B. T. A. 82, and *Clinchfield Navigation Co.* v. *United States*, 66 Ct. Cls. 589. We are of opinion that the petitioner was justified in making its return of income for calendar years, and we so hold.

The next question is whether the petitioner is entitled to deduct in 1923 the additional compensation paid in that year to its editor and manager for the years 1919 and 1921. The evidence relative to this issue shows that the petitioner's board of directors in 1918 authorized for its editor and general manager an annual salary of $9,600

each. Such salaries were, however, not paid in the years for which they were authorized and they were not accrued on the petitioner's books, and it claimed as deductions from income in those years only the amounts actually paid therein. Further payments of salaries for the years in question were made in 1923, but the amount paid in 1923 added to the amounts already paid did not in any year exceed the yearly compensation theretofore authorized by the board of directors. It further appears that it was the practice of the petitioner to keep accounts covering salaries, pay rolls, classified advertising, and subscriptions, on the cash basis, and that foreign and domestic advertising was kept on the accrual basis. The petitioner's witnesses appear to be in doubt as to whether its books were kept on the cash or the accrual basis. Regardless, however, of the opinion of the petitioner's officers, it-is clear that the books must be considered as kept on the accrual basis. *Madison & Kedzie State Bank*, 1 B. T. A. 922. This being the case the petitioner should have accrued on its books, for the years 1919 and 1921, the salaries authorized for its editor and manager for those years, even though they were not paid until a subsequent year.

It is clear that for the years 1919 and 1921 the petitioner's officers voted salaries of $9,600 each to its editor and manager. There appears to be no question as to the reasonableness of the amount, and, since the petitioner's books were kept on the accrual basis, we are of opinion that such salaries were proper deductions from gross income for the years 1919 and 1921, but that no part thereof is deductible from income in the year 1923. It appears that part of the additional salary paid in 1923 was for the year 1920. That year, however, is not before us.

The record herein discloses that the petitioner was delinquent in filing its return of income for the calendar year 1921, and that it paid a delinquency penalty of 25 per cent of the tax shown due on the return. The additional delinquency penalty asserted by the respondent is for the fiscal year September 30, 1921. Since we have held that the petitioner was on a calendar year basis, it follows that no return was required for the fiscal year ended September 30, 1921, and that no penalty can legally be imposed for failure to make a return for such fiscal year.

The hearing in this case was limited to the issues raised other than the question of special assessment under sections 327 and 328 of the Revenue Acts of 1918 and 1921.

Reviewed by the Board.

*Further proceeding will be had under Rule 62 (b).*

LITTLETON, LANSDON, PHILLIPS, MILLIKEN, and MURDOCK dissent.