McAlester Colliery Co., Petitioner, *v.* Commissioner of
Internal Revenue, Respondent.

Docket No. 27861.   Promulgated August 27, 1929.

*L. W. Randolph, Esq.,* for the petitioner.
*P. M. Clark, Esq.,* for the respondent.

OPINION.

Lansdon: Petitioner contends that approximately 70 per cent of its stock and all of the stock of the Interstate Coal Co. was owned or controlled during the taxable year by the "same interests" and that such amounts constitute "substantially all" of the stock within the meaning of section 240 (c) of the Revenue Act of 1921, which provides as follows:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

During the taxable year Price and Croft owned from 57.6 per cent to 70.6 per cent of the stock of petitioner. It is not alleged, nor does the petitioner contend, that these parties controlled any of the minority interests which varied from 29.4 per cent to 42.2 per cent. We think the petitioner must lose on such facts, even assuming that Price and Croft owned or controlled 100 per cent of the stock of the Interstate Coal Co. Stock ownership of 70 per cent does not constitute "substantially all" as required by the statute. *Wadhams & Co.* v. *United States*, 67 Ct. Cls. 235; *Commissioner* v. *Hirsch & Co.*, 30 Fed. (2d) 645; *Ice Service Co.* v. *Commissioner*, 30 Fed. (2d) 230, affirming 9 B. T. A. 386; *News Publishing Co.* v. *Blair*, 29 Fed. (2d) 955, affirming 6 B. T. A. 1257; *S. N. & C. Russell Mfg. Co.*, 16 B. T. A. 501; *Jos. Denunzio Fruit Co.*, 16 B. T. A. 1390; *Hatzell & Buehler, Inc.*, 10 B. T. A. 993; *Woodruff Holding Corporation*, 9 B. T. A. 1109. In its opinion in *Ice Service Co., supra*, the Circuit Court said:

To say that 68% of the stock is substantially all the stock would not only pervert the statutory language but would defeat the purpose of the enactment. * * * The test is not declared to be control of the business or the policies of the subsidiary corporation but substantial identity of interest in the enterprise. * * *

We are not convinced that Price and Croft owned or controlled 100 per cent of the stock of the Interstate Coal Co. Of the 2,000 shares outstanding Price owned 1,104, or 55.2 per cent, while Croft owned 302, or 15.1 per cent. We have found above that the 40 shares of stock standing in Kelley's name on the books of the corporation were in fact owned by Price, which brings the percentage of stock owned by Price and Croft to 72.3 per cent. The remaining 554 shares, or 27.7 per cent, were owned by J. T. Buckner. Price testified that he voted Buckner's stock during the taxable year, but he did not know whether he voted it by proxy or pursuant to an agreement of any kind. No proxy or agreement showing control

of Buckner's stock has been offered. In the agreement of August 28, 1922, which we have set out in our findings of fact, Buckner's signature appears as one of the three stockholders of the Interstate Coal Co. We think the petitioner has failed to establish that Buckner's stock was controlled by Price. The stock owned by the "same interests," therefore, amounts to 72.3 per cent of the stock of the Interstate Coal Co. and to varying amounts of from 57.6 per cent to 70.6 per cent of the stock in petitioner. The corporations were not affiliated during the taxable year within the meaning of the statute.

*Decision will be entered for the respondent.*