THE DURIRON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23930.    Promulgated December 20, 1929.

*Warren W. Cunningham, Esq., Chester M. Patterson, Esq.*, and *Fred A. Woodis, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, and *Frank B. Schlosser, Esq.*, for the respondent.

556

OPINION.

MURDOCK: Counsel indicated at the hearing that from documents offered in evidence they can, under Rule 50, agree upon the correct tax liability if the Board will only say what is the correct taxable period. Each party has a contention which requires consideration only in the event our decision sustains the period used by Commissioner.

The real question in this case appears to be a question of fact, "What was the petitioner's annual accounting period?" This is

important under section 212 (b) of the Revenue Act of 1918, which is as follows:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226.

If the petitioner had no annual accounting period, the Act provides that the calendar year must be used. The petitioner had a method of accounting which it regularly employed in keeping its books and its method clearly reflected its income. Thus under the Act the Commissioner had no authority to use an accounting period other than the calendar year unless the petitioner had adopted such another accounting period, and his contention must be that the petitioner has adopted the period from May 1, 1918, to April 30, 1919, and has erroneously concluded that it has adopted the calendar year as its accounting period.

All of the facts which moved the petitioner to make its returns on the basis of a calendar year and which moved the Commissioner to change the basis are before us and we need not be particularly concerned with questions of presumptions or burden of proof. The respondent in support of his action points to the fact that the books were ruled down on April 30 each year; annual meetings were held in May of each year; and income can be accurately computed as of April 30. The petitioner on the other hand bases its argument on the fact that the by-laws provided that the calendar year should be the fiscal year; officers did not know of or authorize a ruling down of the books on April 30; concededly its income has been determined accurately from the books on the basis of a calendar year; a physical inventory was taken only on December 31; and its returns have always been made on the basis of a calendar year.

The decision of the issue must depend upon the weighing of certain conflicting circumstances of this particular case. The fact that the bookkeeper ruled down the books on April 30 is the only fact inconsistent with the use of a calendar year accounting period.

But this fact is not of controlling significance and its importance is more than offset by a consideration of other facts inconsistent with the adoption of the accounting period used by the Commissioner. It is our opinion that this petitioner's accounting period was the calendar year and it follows that the Commissioner erred in computing the deficiency on another basis.

> *Further proceedings will be had under Rule 62 (a), or, in the absence of such proceedings, judgment will be entered under Rule 50.*