## SAN FRANCISCO HOTEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8913.   Promulgated March 24, 1930.

*Herman Phleger, Esq.*, and *A. Porter Robinson, C. P. A.*, for the petitioner.

*Eugene Meacham, Esq.*, for the respondent.

**386**

OPINION.

BLACK: Respondent conceded at the hearing and in his brief that the expenditures set out in the findings of fact totaling $1,130.10 for the calendar year 1919 and $1,130.91 for the calendar year 1920 to April 8, are proper deductions, and it follows that so much of these expenditures as fall within the periods covered by the deficiencies should be allowed upon redetermination of the deficiencies herein.

It is contended by petitioner that, because of the ownership of stock in the manner and respective amounts set out in our findings of fact, petitioner and the Crocker Hotel Co. are affiliated corporations within the meaning of the provisions of section 240 (b) of the Revenue Act of 1918 and are therefore entitled to file a consolidated return for the taxable years. We do not agree with that contention.

In *Conley Tin Foil Corporation*, 17 B. T. A. 65, we said:

The second issue raised herein is whether the petitioner was, during the year 1923, affiliated with Aluminum Rolling Mills, Inc., within the meaning of section 240 (c) of the Revenue Act of 1921, which provides that:

(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all of the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

The petitioner owned outright 75 per cent of the capital stock of the Aluminum Rolling Mills, Inc. The petitioner financed the latter company, furnishing it all the money for its operations, without interest; did all the buying and selling for it, and furnished all the officers and office organization. The Aluminum Rolling Mills, Inc., banked through the petitioner, having no separate account of its own, and was unknown to the trade and had no credit standing. It was, in fact, the aluminum foil branch of the Conley organization. The 25 per cent of the capital stock not owned by the petitioner was the class B stock held by Dr. Lauber in Switzerland. This stock was never voted and it appears that Lauber was a quiescent minority and was content that the Conley organization should control and operate the corporation. This control, however, is

not the control contemplated by the statute, and where there is a substantial minority, unless there is a control of the stock of such minority, there is no affiliation of the corporation.

See also *Ice Service Co.* v. *Commissioner*, 30 Fed. (2d) 230; *Commissioner* v. *Adolph Hirsch & Co.*, 30 Fed. (2d) 245; *Jos. Denunzio Fruit Co.*, 16 B. T. A. 1326; *McAlester Colliery Co.*, 17 B. T. A. 153; *Howe Bros. Hide Co.*, 17 B. T. A. 129; *Old Colony Railroad*, 18 B. T. A. 567.

Under these circumstances, we approve the determination of the respondent in disallowing affiliation.

We shall next discuss allegation of error which petitioner sets out in its petition as error (a)—" The action of the Commissioner in amending the taxpayer's returns from a calendar year basis to a so-called 'fiscal year basis,' to wit: June 1, 1918, to May 31, 1919, and from June 1, 1919, to April 8, 1920, is unwarranted." The Commissioner based his action in this respect on section 212 (b) of the Revenue Act of 1918, which reads:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226.

Article 25, Regulations 45 (Revenue Act of 1918), in construing the above provision of the statute, says:

A taxpayer having an existing accounting period which is a fiscal year within the meaning of the Statute not only needs no permission to make his return on the basis of such a taxable year, but is required to do so, regardless of the former basis of rendering returns. A person having no such fiscal year must make return on the basis of the calendar year.

Now it is undisputed that petitioner filed its returns on the calendar year basis from 1916 down to and including the taxable years in question. It must be conceded that if petitioner's annual accounting period was a calendar year or if it had no annual accounting period at all, then its returns for 1918 and 1919 were correctly made on the calendar year basis, and should not be disturbed, unless some other error is discovered in them. But, on the other hand, if petitioner's annual acounting period was a fiscal year, then we are clear in our

opinion that under the Revenue Act of 1918 it was the duty of the Commissioner to revise the returns which the petitioner had filed for the calendar years 1918, 1919, 1920 to April 8 (date of affiliation with Crocker Hotel Co.), and recompute them on a fiscal year basis. On this issue we think the testimony of petitioner's own witnesses shows that down to and including May 31, 1919, its annual accounting period was a fiscal year.

Charles E. Adcock, an accountant and formerly an employee of petitioner as bookkeeper and cashier, testified as follows upon his direct examination:

Q. On what basis were those books kept * * * they were monthly, annual, or on a fiscal year basis?

A. They were kept on the fiscal year basis and they were also kept so that we could determine at any time, any month, the actual condition of the company.

Charles F. Lewis, secretary-treasurer of petitioner corporation, testified that the close of the petitioner's fiscal year was in May, that up to a certain time (subsequently identified as December 31, 1919), the books were closed up to May 31, and that at the close of this period, May 31, transfers were made between nominal accounts and the bonus was deducted for the manager.

To substantially the same effect was the testimony of Herbert E. Nowell and G. F. Robinson, of the accounting firm of Robinson, Nowell & Co., which firm was employed by petitioner late in 1918 or early in 1919 to audit its books and prepare its income-tax returns. It is true that in 1919 this firm of accountants changed petitioner's annual accounting period from a fiscal to a calendar year basis, but no permission was secured from the Commissioner to make this change. The change spoken of was described by Mr. Robinson as follows: " I told Mr. Scott in June, 1919, we would close the books at December 31, 1919, so the accounting period would coincide with his tax returns." So, upon a careful consideration of all the evidence in this proceeding, we must conclude that up to and including May 31, 1919, petitioner's annual accounting period was a fiscal year, as defined by the Revenue Act of 1918, and that the change made by petitioner in 1919 after May 31 to a calendar year basis was without the approval of the Commissioner.

Therefore, respondent did not err in computing petitioner's income for the taxable years in question in the manner used by him, to wit: for the period January 1, 1918, to May 31, 1918; June 1, 1918, to May 31, 1919; June 1, 1919, to April 8, 1920 (period of affiliation with Crocker Hotel Co.). Cf. *Appeal of James H. Silcox*, 12 B. T. A. 748; *Murtha & Schmohl Co.*, 17 B. T. A. 442; *Jonas Cadillac Co.*, 16 B. T. A. 932.

The petitioner strongly urges the case of *Pittsburgh Bridge & Iron Works, Inc.,* v. *Heiner,* 25 Fed. (2d) 900, in support of its contention that its income-tax returns filed on the calendar year basis should not be disturbed. In this connection it should be borne in mind that the taxable year involved in *Pittsburgh Bridge & Iron Works, Inc.,* v. *Heiner* was the calendar year 1917 and that prior to the Act of 1918 all taxpayers were required to file their returns on a calendar year basis, except that corporations having a fiscal year might, if they secured the approval of the Commissioner, file their returns on a fiscal year basis rather than a calendar year basis. But after the 1918 Act was passed, as stated by the Commissioner, article 25, Regulation 45, a corporation having a fiscal year was not only not required to get any permission from the Commissioner to file its return on a fiscal year basis, but was required to file it on such basis, regardless of the former basis of rendering returns. Thus we do not regard *Pittsburgh Bridge & Iron Works, Inc.,* v. *Heiner* in conflict with our opinion herein. Petitioner also urges in support of its contention *Darling-McDuff Coal Co.,* 15 B. T. A. 110; *Globe-Gazette Printing Co.,* 16 B. T. A. 161; and *Duriron Co.,* 18 B. T. A. 554. An examination of those decisions will show that the effect of them is to hold that a mere physical ruling down of the books once each year and such similar transactions are not sufficient within themselves to establish that the taxpayer kept its books on a fiscal year basis, and that where the other facts in the case showed that the taxpayer either had no annual accounting period at all or had an annual accounting period coinciding with the calendar year, then in such cases its income-tax returns hitherto filed on the calendar year basis should not be disturbed. We have no disagreement with the rulings in those cases. If, in the instant case, the facts showed that petitioner had no annual accounting period or had an annual accounting period coinciding with the calendar year, we would not hesitate to follow the cases cited by petitioner and hold that its returns filed on the calendar year basis should not be disturbed. But where the facts show that petitioner's books were kept on the fiscal year basis, as we think they do show in the instant case, we hold that the Revenue Act of 1918 requires the respondent to use the method that he did use in computing the deficiencies, and that in using such methods he committed no error.

The remaining question is that of obsolescence of good will of the liquor business, resulting from the adoption of the Eighteenth Amendment, and prohibition legislation. In view of the decisions of the Supreme Court of the United States in *Renziehausen* v. *Lucas,* 280 U. S. 387, and *Clarke* v. *Haberle Crystal Springs Brewing Co.,* 280 U. S. 384, it is unnecessary to discuss this question, for it was

there decided that deduction for obsolescence of good will of a liquor business resulting from prohibition legislation was not allowable. The respondent's action relative thereto is approved.

> *Further proceedings will be had under Rule 62, or, in the absence of such proceedings, judgment will be entered under Rule 50.*