*1285 OPINION.
Lansdon:
Since it is admitted that each of the petitioners filed income tax returns during the whole period under review on the calendar year basis, the only question here is whether their books were kept on the same basis and truly reflected income. W. E. Easterwood filed his first return in 1924 on the calendar year basis and, in the circumstances set out in our findings, he then established his right to file all subsequent returns on the same basis except upon *1286 the Commissioner’s permission to change or upon the determination by that officer that such returns were not based upon his regular accounting system, or if so based, that such system failed to reflect true income.
The evidence adduced by petitioners convinces us that their books were kept on the calendar year basis. Easterwood testified that he had so ordered. Expert accountants who are familiar with the books testified that they were so kept. Inventories and closing entries as of December 31 of each year were duly made. A substantial part of the income reported was of a nature that indicates its accrual as of December 31 of each year. It is our opinion, therefore, that petitioners’ books were kept on a calendar year basis and that the several income tax returns were properly made and filed on the same basis. The Commissioner erroneously determined the deficiencies in controversy. Duriron Co., 18 B.T.A. 554; Cf. Brooklyn City R.R. Co., 27 B.T.A. 77; Great West Printing Co., 22 B.T.A. 346; affd., 60 Fed. (2d) 749.

Decision will be entered wider Bule 50.