MAX H. STRYKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82516. Promulgated July 13, 1937.

*John E. Smart, C. P. A.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

Murdock: The petitioner and two others entered into a partnership on February 1, 1931. The partnership was known as the First National Institute of Violin. The partnership opened and regularly kept a set of books of account on the basis of a fiscal year ending January 31. The books of a partnership are not for income tax purposes the books of the individual taxpayers making up the partnership. *Fred R. Drake*, 1 B. T. A. 1235. The petitioner reported his income on the cash receipts and disbursements calendar year basis. His only records were check stubs, rent receipts, and dividend statements. Such informal records are not regular books of account. *H. L. Scales*, 10 B. T. A. 1024. They are not "books" within the meaning of that term as used in section 41 of the Revenue Act of 1932.

The first fiscal year of the partnership ended on January 31, 1932. Thus the petitioner was required to report his distributive share of the partnership income for that period in his income tax return for the calendar year 1932. Sec. 182 (a), Revenue Act of 1928. He wanted to find some way to report his partnership income more promptly after the close of the partnership year. He was advised to apply for permission to use a fiscal year coinciding with that of the partnership. He asked and was granted permission to make the change beginning in 1933. The result was a peculiar hardship on the taxpayer because of the effect of section 47. He then filed an amended return on the calendar year basis.

The permission to change to a fiscal year was apparently granted under the misapprehension that the petitioner kept books of account and would make the necessary change in those books. O. D. 941, 4 C. B. 71. Section 41 states the general rule in regard to accounting periods and methods of accounting. It is as follows:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the

books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

If no regular books of account are kept, the calendar year must be used as the basis of reporting income. Cf. *Brooklyn City Railroad Co.*, 27 B. T. A. 77; affd., 72 Fed. (2d) 274; *Mary Katherine Dulin*, 25 B. T. A. 1259; affd., on this point, 70 Fed. (2d) 828. Informal records are not sufficient justification for the use of a fiscal year. The Commissioner could not, if he would, authorize violation of the statutory provision that if the taxpayer does not keep books the net income shall be computed on the basis of the calendar year. Cf. *Duriron Co.*, 18 B. T. A. 554. He does not contend to the contrary.

This taxpayer kept no books and was required by statute to report on a calendar year basis. Consequently, the one month was not a taxable year and there could be no deficiency for that period. Cases such as *George M. Cohan*, 11 B. T. A. 743; reversed on other points, 39 Fed. (2d) 540, and *James H. Silcox*, 12 B. T. A. 748, in which books were kept, are not in point.

*Decision will be entered for the petitioner.*