Green, Judge,
delivered the opinion of the court:
The National Chemical Manufacturing Company was incorporated about May 1,1915, and purchased all of the assets of the National Chemical Manufacturing Company, a partnership, including good will and a certain formula for an antifreezing mixture used in the manufacture of nitrotoluol and known as N. T. The World War having created a demand for trinitrotoluol, a high explosive commonly known as T. N. T., the company shortly after its incorporation ceased manufacturing N. T. and began the manufacture of T. N. T. which it continued until the end of the World War. The cessation of hostilities ended for the time being the demand for T. N. T. During the war new processes and formulas had been developed for the manufacture of N. T., and the corporation found that there was no demand for this product except at prices lower than what it would cost to manufacture it. As a result of these conditions arising during the war the formula became worthless and the machinery which had been used in the factory of the corporation had no value except as scrap, and its business was entirely lost. The corporation was dissolved, and its affairs went into the hands of the trustee who has commenced this action.
*610 In 1919 the said corporation filled its income and profits tax return for the year 1918, in which it sought to be allowed a deduction for loss of the value of the formula and for loss of good will. The tax officials disallowed these two deductions and the commissioner notified the corporation that by reason thereof an additional tax had been assessed for 1918 in the amount of $38,417.95, which sum was paid by it. Having filed a claim for refund, the trustee for the corporation now seeks to recover the amount of this additional tax so paid.
In order to establish a deductible loss the original value of the asset upon which the loss is alleged to have been sustained must be shown. There is no doubt that the formula became worthless, but there is no satisfactory evidence either as to its cost or as to its value. Stock to the amount of $14,000.00 par value in the corporation was issued in payment for the formula, but this does not show that the formula was worth $14,000.00. It merely shows that those who owned it considered the stock of equal value, and there is no satisfactory evidence as to the value of the stock. Some of the stock was sold for its par value to “ acquaintances,” but how much is not shown, and under these circumstances we do not think this is evidence that the stock was worth its par value.
It is also urged that the showing with reference to profits made by the partnership, the assets of which were purchased by the corporation, is sufficient to establish the value of the formula and good will. If it be conceded that the value of the intangibles can be proved in this manner, the evidence offered would nevertheless be immaterial in this case for the reason that it applies to a period when a different product was being manufactured. The partnership had been manufacturing N. T. The corporation ceased manufacturing N. T. and commenced manufacturing T. N. T. during the years following the time when it bought the partnership’s assets. The profits during this period are not shown, nor would the amount thereof be material if shown, because they were made on the manufacture of T. N. T. and not through the manufacture of N. T., in relation to which it is alleged the loss occurred. If we concede for the sake of *611 the argument that the evidence with relation to profits tends to show the value of the formula and good will, it would be the joint value thereof, and not the value. of either separately.
Besides this, if the value of the formula is shown at all, 'it was its value in 1915 at the time the purchase was made.. It must be borne in mind in this-connection that the claim for loss presented by the plaintiff is, as stated in plaintiff’s, brief, “ predicated upon the provisions of section 234 (a) (4) of the revenue act of 1918, not upon those of section 234 (a) (7).” Such being the case, it must be shown that the loss, was one which was “ sustained during the taxable year,” that is, during 1918. In other’ words, the loss is not claimed under the depreciation and obsolescence section but because, as stated in plaintiff’s brief, “ the processes and formulas for the making of the antifreezing mixture, and the good will, were abandoned because they had become valueless.”
It may be conceded that the processes and formula had become valueless and for that reason they were abandoned by the corporation, but this does not show that they became valueless “ in the taxable year ” as required by the statute. On the contrary, the evidence shows that during the war other formulas for making N. T. had been discovered. The-particular time of this discovery does not appear, but there is nothing in the testimony to indicate that it was in 1918. It is quite clear that the evidence does not show the amount of any deductible loss in the taxable year. It only shows that during the years which had intervened since the time the formula was purchased it had become worthless.
The evidence is also insufficient to establish a deductible-loss with reference to the good will. The value of -the good will as carried on the books of the corporation was ascertained by taking the book value of the tangible assets together with the $14,000.00 worth of stock issued for the formula, and ascertaining the difference between that and the $84,000.00 par value of the stock issued. The amount of profits made by the partnership is claimed to show the value of the good will in the same manner as was argued with reference to the value of the formula, and there are *612 .the same reasons for rejecting this evidence as insufficient to prove the value of good will. Profits shown in 1915 are not proof of the value of good will in 1918, when the profit made in 1915 is upon a certain article and thereafter the business is engaged in manufacturing another and different commodity. Moreover, the proof, if it could be called such, relates to the value of both the formula and the good will taken together and not to either separately. How much of the profit resulted from the use of the formula and how much from good will can not be determined. This, however, is not the only difficulty in proving the amount of loss .sustained in reference to good will and perhaps not the principal reason why the evidence on this point must be held wholly insufficient.
Good will is the favor which the management of a business wins from the public. The loss in this case was occasioned by the fact that the company, being no longer able to manufacture N. T. at a profit, decided to abandon the business. Whether a loss occasioned in this way could be considered a loss of good will might well be questioned, but in any event the loss|which the plaintiff seeks to have allowed is entirely separate from the business itself. In the case of Red Wing Malting Co. v. Willcuts, 15 Fed. (2d) 626, it was held that “ good will has no existence separate and apart from an established business ”; and also that “ with the termination of that business it is ended.” In this holding we concur. It is true that the business was ended, and that any good will which the corporation possessed was lost, but the loss was on the business as an entirety, including all of the assets which the corporation held. The Supreme Court said in Metropolitan Bank v. St. Louis Dispatch Co., 149 U. S. 436, 446, that “ good will * * * is not susceptible of being disposed of independently.” Whether, when the business was closed out and the assets sold, the receipts of such sale might be used as forming a basis for the computation of a deductible loss is not before us.
The commissioner was correct in refusing deductions on account of the alleged loss with reference to processes and formula and good will.
*613 It follows that plaintiff’s petition must be dismissed, and it is so ordered.
SiNNOtt, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.