CLARKE, COLLECTOR OF INTERNAL REVENUE, *v.* HABERLE CRYSTAL SPRINGS BREWING COMPANY.

No. 68. Argued January 9, 1930.—Decided January 27, 1930.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Hughes, Messrs. Sewall Key* and *Norman D. Keller,* Special Assistants to the Attorney General, *Clarence M. Charest,* General Counsel, Bureau of Internal Revenue, and *T. H. Lewis, Jr.,* were on the brief, for petitioner.

*Mr. Arthur A. Ballantine,* with whom *Mr. George E. Cleary* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

A writ of certiorari was granted in this case on May 13, 1929, on account of a conflict between the judgment below, 30 F. (2d) 219, (reversing 20 F. (2d) 540,) and *Red Wing Malting Co.* v. *Willcuts,* 15 F. (2d) 626, (certiorari denied, 273 U. S. 763,) the latter case having been followed by *Landsberger* v. *McLaughlin,* 26 F. (2d) 77, and *Renziehausen* v. *Commissioner of Internal Revenue,* 31 F. (2d) 675, now pending here.

This is a suit brought by the respondent to recover income and profits taxes paid under protest, on the ground, as stated by its counsel, that it was not allowed to deduct from gross income "a reasonable allowance for the exhaustion, including obsolescence, of its good will . . . it having become certain prior to that period that the useful life of the good will would be terminated by January 16, 1920 because of prohibition legislation." The question turns on the Revenue Act of 1918, (Act of February 24, 1919), c. 18, § 234 (a) (7); 40 Stat. 1057, 1078, allowing as deductions, *inter alia*, "A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." The good will was that of a brewery and is found to have been destroyed by prohibition legislation. The deduction claimed is for the fiscal year ending May 31, 1919, it having been apparent early in 1918 that prohibition was imminent, and the officers having taken steps to prepare for the total or partial liquidation of the Company. The amount of the deduction to be made is agreed upon if any deduction is to be allowed.

We shall not follow counsel into the succession of regulations or the variations in the law before the date of the Act that we have to construe. In our opinion the words now used cannot be extended to cover the loss in this case and it is needless to speculate as to what other cases it might include. It seems to us plain without help from *Mugler* v. *Kansas,* 123 U. S. 623, that when a business is extinguished as noxious under the Constitution the owners cannot demand compensation from the Government, or a partial compensation in the form of an abatement of taxes otherwise due. It seems to us no less plain that Congress cannot be taken to have intended such a partial compensation to be provided for by the words ' exhaustion ' or ' obsolescence.' Neither word is apt to describe

termination by law as an evil of a business otherwise flourishing, and neither becomes more applicable because the death is lingering rather than instantaneous. It is incredible that Congress by an Act approved on February 24, 1919, should have meant to enable parties to cut down their taxes on such grounds because of an amendment to the Constitution that it had submitted to the legislatures of the States in 1917 and that had been ratified by the legislatures of a sufficient number of States the month before the present Act was passed.

*Judgment reversed.*

MR. JUSTICE McREYNOLDS and MR. JUSTICE STONE concur in the result.