## RENZIEHAUSEN v. LUCAS, COMMISSIONER OF INTERNAL REVENUE.

No. 114.   Argued January 17, 1930.—Decided January 27, 1930.

*Mr. William A. Seifert*, with whom *Mr. William W. Booth* was on the brief, for petitioner.

*Assistant Attorney General Youngquist*, with whom *Solicitor General Hughes*, and *Messrs. Sewall Key* and *Norman D. Keller*, Special Assistants to the Attorney General, were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This case raises the same questions as the preceding one, *Clarke* v. *Haberle Crystal Springs Brewing Co., ante,* p. 384, but was decided the other way. 31 F. (2d) 675. A writ of certiorari was granted by this court on October 14, 1929.

The good will here concerned, (treated as embracing trade-marks, trade brands and trade names,) was that of a business of distilling and selling whiskey, warehousing, and a wholesale liquor business. The Board of Tax Appeals adjudged a deficiency in the petitioner's income tax returns for 1918, 1919, 1920 and 1922. A deduction is

claimed by him, as in the other case, for exhaustion or obsolescence of the good will, under the Revenue Act of 1918, (Act of February 24, 1919,) c. 18, § 214 (a) (8); 40 Stat. 1057, 1067, using the same words for individuals that are used in § 234 for corporations, and under the Revenue Act of 1921, (Act of November 23, 1921,) c. 136, § 214 (a) (8); 42 Stat. 227, 240, using the same words again. What has been said in the *Haberle Crystal Springs Brewing Co.'s* case is sufficient to dispose of this one, and here there is the additional fact that in 1919 the petitioner became aware that he could manufacture whiskey for medicinal purposes and did so until the Willis-Campbell Act of November 23, 1921, c. 134; 42 Stat. 222, was passed and the petitioner failed to obtain a permit under it. The evidence does not seem to warrant an alternative claim under the Revenue Act of 1918, § 214 (a) (4), for losses incurred in business in 1919, even if otherwise it could be sustained.

The only other question that seems to need mention is raised by an account headed " Old Whiskey," on the books of the Large Distilling Company, under which name the petitioner did the distilling business. At the close of each distilling season the whiskey manufactured and not sold was charged to this account, matured and sold to the trade. The petitioner regarded this whiskey as a personal investment, but the whole business was his, and we agree with the Circuit Court of Appeals that the whiskey was clearly a part of the stock in trade, and therefore that he was not entitled to the more favorable rate allowed by the Act of November 23, 1921, c. 136, § 206 (6), for taxes on capital gain, excluding stock in trade. The petitioner has no reason to complain of the allowance for obsolescence of the warehouses.

*Decree affirmed.*

MR. JUSTICE MCREYNOLDS and MR. JUSTICE STONE concur in the result.