## V. LOEWERS GAMBRINUS BREWERY CO. v. ANDERSON, Collector of Internal Revenue.

### No. 236.

Circuit Court of Appeals, Second Circuit.
May 19, 1930.

Paskus, Gordon & Hyman, of New York City (Arthur B. Hyman, of New York City, of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, of New York City, of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This action was brought to recover income and profits taxes alleged to have been . erroneously collected for the calendar years 1918 and 1919. The basis of the action was the failure of the appellant to allow, as deductions from gross income, a reasonable allowance for obsolescence of tangible as well as intangible assets. The appellee is a brewing company, and sought to deduct for obsolescence the valuation of its building, for-

merly used in its brewing business, found by the court below to be of the value of $159,-932.18. There is also a finding of loss of an intangible—the good will of the appellee's business. It is unnecessary to consider the latter, for the obsolescence of the tangible property—the building—if allowed, is sufficient to sustain the deduction.

In view of the decision of the Supreme Court in Clarke v. Haberle Crystal Springs Brewing Co. (1930) 280 U. S. 384, 50 S. Ct. 155, 156, 74 L. Ed. 498, a deduction in the value of the building for obsolescence may not be made. We can see no difference between tangible and intangible property within the principle of that case. It seemed plain to the Supreme Court that "when a business is extinguished as noxious under the constitution the owners cannot demand compensation from the Government, or a partial compensation in the form of an abatement of taxes otherwise due;" and it also seemed "no less plain that Congress cannot be taken to have intended such a partial compensation to be provided for by the words 'exhaustion' or 'obsolescence.'" 280 U. S. 384, 386, 50 S. Ct. 155, 156, 74 L. Ed. 498.

In view of that authoritative decision, we must reverse the decree below.

Decree reversed.