## SENECA HOTEL CO. v. UNITED STATES.
### No. L–1.

Court of Claims.
June 2, 1930.

Spencer Gordon, of Washington, D. C. (Paul E. Shorb, Marion P. Wormhoudt, and Covington, Burling & Rublee, all of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Argued before BOOTH, Chief Justice, and GREEN, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

This suit was instituted to recover $19,062.65 income and profits taxes which the plaintiff alleges were illegally collected from it, and the case has been submitted on the demurrer to the petition.

The allegations of the petition material to a ruling upon the demurrer are in substance that the plaintiff, prior to March 1, 1913, and up to and including June 30, 1919, successfully operated a bar in its hotel located at Rochester, N. Y., where it sold wines and other liquors; that on March 1, 1913, this bar had a good will attached of the value of not less than $97,839.65, and at the beginning of plaintiff's fiscal year ending August 31, 1919, was equal to and in excess of its value on March 1, 1913; that during the said fiscal year the Eighteenth Amendment to the Constitution of the United States was adopted, and as a result of national prohibition legislation plaintiff was, during said fiscal year, forced to discontinue its bar and the sale of liquors. Accordingly, during the fiscal year ending August 31, 1919, plaintiff's entire good will, which attached to its bar, was lost, destroyed, and became obsolete. About November 15, 1919, plaintiff duly filed with the collector of internal revenue its Federal income and profits tax return for the fiscal year ending August 31, 1919, but erroneously failed to take as a deduction from the gross income the sum of $97,839.65 representing loss of and obsolescence of good will attached to its bar, sustained during the said fiscal year. Said return showed taxes due in the amount of $18,306.58, which were erroneously paid to the collector after the close of the fiscal year of August 31, 1919. Thereafter the Commissioner of Internal Revenue claimed additional taxes were due from the plaintiff for said fiscal year 1919 in the sum of $5,256.88, which amount also was erroneously collected from plaintiff. Thereafter the Commissioner redetermined and assessed plaintiff's profits tax, and as a result thereof there was refunded about January 18, 1928, to plaintiff by the Commissioner the sum of $4,500.81, leaving a balance of $19,062.65 as income and profits taxes paid for the year 1919.

On March 30, 1927, the plaintiff duly filed with the Commissioner of Internal Revenue a claim for refund in the amount of $23,563.46, representing the federal income and profits taxes erroneously paid and collected for the fiscal year ending August 31, 1919. This refund claim was based on the ground that, due to national prohibition legislation and the resultant discontinuance of plaintiff's bar during the fiscal year ending August 31, 1919, it was entitled to a deduction of $97,839.65 for obsolescence and loss of good will attached to its bar. On January 6, 1928, this claim for refund was rejected, and no part of it has been paid.

The defendant demurs to the petition on the grounds that it does not set forth a cause of action, or one within the jurisdiction of this court. In argument it is insisted by

counsel for defendant that the statutory provisions with reference to the deduction of a loss from gross income in order to ascertain the amount of net have no application to a case of this kind.

It will be observed that plaintiff's claim for refund is based upon the theory that it is entitled to a deduction from its gross income for the year in question on account of loss of good will caused by the enactment of federal constitutional and legislative provisions which forbade the carrying on of the business to which it alleges the good will was attached. We think the principles laid down in Clarke v. Haberle Brewing Co., 280 U. S. 384, 50 S. Ct. 155, 156, 74 L. Ed. 498, and Renziehausen v. Lucas, 280 U. S. 387, 50 S. Ct. 156, 74 L. Ed. 501, are decisive of the case at bar. In the Clarke Case, supra, the Supreme Court said:

"It seems to us plain without help from Mugler v. Kansas, 123 U. S. 623, 8 S. Ct. 273, 31 L. Ed. 205, that when a business is extinguished as noxious under the Constitution the owners cannot demand compensation from the Government, or a partial compensation in the form of an abatement of taxes otherwise due."

Counsel for plaintiff contend that there is a distinction between the case last cited and the case at bar, in that in the present case it is claimed there was a "loss" of the good will, and in the Clarke Case the plaintiff claimed an allowance for "the exhaustion, including obsolescence, of its good will," but we do not think it makes any difference in the application of the rules and principles laid down in the case last cited. The only difference between the two cases is that in the Clarke Case a partial loss was claimed and in the case at bar the claim is for a total loss. In the Clarke Case Mr. Justice Holmes said that the language of the statute did not become "more applicable because the death is lingering rather than instantaneous." In the case at bar we think we can with propriety say that the provision of the statute relied upon is not more applicable because the death is instantaneous rather than lingering.

Moreover, the claim of the plaintiff seems to be based upon a misapprehension as to the nature of its loss. The allegation is that it is entitled to a deduction "for obsolescence and loss of good will attached to its bar." In National Chemical Manufacturing Co. v. United States, 67 Ct. Cl. 607, we said that—

"Good will is the favor which the management of a business wins from the public."

This was not affected by the prohibition legislation. What the prohibition legislation did was to take from plaintiff the privilege of carrying on the business which it had theretofore possessed. The loss which it sustained was the loss of this privilege, which was always subject to revocation, and it is, as we think, clear that Congress did not intend to enable parties to reduce their taxes on the ground that this privilege had been taken away.

It follows that the demurrer must be sustained and the petition of plaintiff dismissed. It is so ordered.