Otto Keusch, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 40473.   Promulgated May 14, 1931.

*Arthur B. Hyman, Esq.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

OPINION.

MATTHEWS: Section 208 of the Revenue Act of 1924 provides in part as follows:

(a) For the purposes of this title—

(1) The term " capital gain " means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

(2) The term " capital loss " means deductible loss resulting from the sale or exchange of capital assets;

(3) The term " capital deductions " means such deductions as are allowed by section 214 for the purpose of computing net income, and are properly allocable to or chargeable against capital assets sold or exchanged during the taxable year;

(4) The term " ordinary deductions " means the deductions allowed by section 214 other than capital losses and capital deductions;

\* \* \* \* \* \* \*

(6) The term " capital net loss " means the excess of the sum of the capital losses plus the capital deductions over the total amount of capital gain;

(7) The term " ordinary net income " means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions; and

(8) The term "capital assets" means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business.

\*      \*      \*      \*      \*      \*      \*

(c) In the case of any taxpayer (other than a corporation) who for any taxable year sustains a capital net loss, there shall be levied, collected, and paid, in lieu of the taxes imposed by sections 210 and 211 of this title, a tax determined as follows:

A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner provided in sections 210 and 211, and the total tax shall be this amount minus 12½ per centum of the capital net loss; but in no case shall the tax under this subdivision be less than the taxes imposed by sections 210 and 211 computed without regard to the provisions of this section.

It should be noted at the outset that an individual who has sustained a capital net loss within the meaning of section 208 is not subject to the taxes imposed by sections 210 and 211, but in no case is the tax determined under subdivision (c) to be less than the taxes imposed by sections 210 and 211, computed without regard to the provisions of section 208. Two computations of tax are required to determine the taxpayer's liability, as follows: (1) A tax on his ordinary net income (without any deduction for capital net loss) is determined and this tax is reduced by 12½ per cent of the amount of the capital net loss; (2) a tax is computed on the net income after the capital net loss has been taken as an ordinary deduction. The tax which is greater is required to be paid under section 208(c), whether it be determined under the first or the second computation.

At the hearing of this proceeding counsel for the petitioner admitted that the respondent has computed the deficiency involved herein in accordance with the provisions of the Revenue Act of 1924. It is claimed, however, that section 208 quoted above is unconstitutional and that the taxpayer has a right to compute his taxable net income for 1924 without regard to the provisions of that section of the statute.

In a brief filed in support of his contentions it is argued on behalf of the petitioner that the securities held by the petitioner for a period of more than two years constituted property held by him primarily for sale in the course of his trade or business within the meaning of section 208(a)(8) of the Revenue Act of 1924, citing the decision of the Board in the case of *Ignaz Schwinn*, 9 B. T. A. 1304. In that case the petitioner was a manufacturer of bicycles and was actively engaged in speculating in stocks, bonds, grains and other commodities. Large sums of money were involved in his marginal dealings. Over

a period of five years he speculated in securities and commodities and devoted the largest part of his business time to, and made the most money from, these transactions. It was held upon the evidence that the loss which resulted from a sale of certain shares of stock which were bought by the petitioner on the margin for speculation purposes represented a loss in the petitioner's trade or business.

The facts of the instant case do not bring it within the ruling laid down in the *Schwinn* case. The only evidence we have with respect to the petitioner's trade or business is that he was a dealer in grain and feed. He erroneously filed a partnership return for 1924 in the name of Otto Keusch, trading as Keusch Grain Company, although his business was conducted as an individual business. On this return he showed the sale of 48 shares of Lehigh Valley Railroad stock which were purchased by him in 1920 and sold in 1924 at a profit of $1,251.84. He also reported five other lots of securities which he bought in 1923 and 1924 and which were sold by him in 1924 at a total profit of $355.30. On the individual return filed by the petitioner for 1924 he showed a loss of $23,387.05 on stock of P. Lorillard Company which he acquired in 1919. Upon this record we can not find that the petitioner was a dealer in securities or that the securities purchased by him were held " primarily for sale in the course of his trade or business."

There remains for determination the issue of the constitutionality of section 208 of the Revenue Act of 1924. It is conceded by both parties that if section 208 is unconstitutional as applied to this petitioner, there is no deficiency in income tax in this case.

It is argued on behalf of the petitioner that section 208 does not conform to the Sixteenth Amendment in so far as it purports to place a limitation upon the right of a taxpayer, in the computation of his net taxable income, to deduct the full amount of any loss sustained by him on the sale of capital assets, and is unconstitutional in that it levies a tax upon net income where, in point of fact, there may be no net income.

The Sixteenth Amendment to the Constitution refers to " income," not " net income." It provides:

The Congress shall have power to lay and collect taxes on income, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

As was observed in *Towne* v. *Eisner*, 245 U. S. 418:

* * * But it is not necessarily true that income means the same thing in the Constitution and the Act.

All of the revenue acts have authorized certain deductions in computing taxable net income, but have limited the deductions which may be taken by individuals with respect to losses sustained by

them. Taxable net income is, therefore, a statutory concept and under none of the acts is it in excess of the income upon which the Sixteenth Amendment authorizes Congress to impose and collect a tax.

In *Samuel S. Bloch*, 16 B. T. A. 425, 430, we held:

As we interpret the power of Congress to levy an income tax, there is no requirement that Congress permit the deduction of every kind of a loss that may be sustained by a taxpayer. The deduction of a loss from income received is purely a matter of grace. For instance, a gambling loss is not deductible from gross income. It was argued before the Supreme Court in *Stanton* v. *Baltic Mining Co.*, 240 U. S. 103, that where the depletion allowance allowed by Congress was less than the actual loss sustained, the law was repugnant to the Constitution and that the taxpayer was in any event entitled to deduct from gross income resulting from the operation of a mine the full amount of the depletion sustained. The court held, however, that this was not correct and that the income-tax law of 1913 was not repugnant to the Constitution by reason of limiting the loss.

In *Brushaber* v. *Union Pacific R. R. Co.*, 240 U. S. 1, one of the contentions made against the validity of the Revenue Act of 1913 was that it limited—

\* \* \* the amount of interest paid which may be deducted from gross income of corporations for the purpose of fixing the taxable income to interest on indebtedness not exceeding one-half the sum of bonded indebtedness and paid-up capital stock. \* \* \*

It was argued that the statute was wanting in due process because discriminating between different classes of corporations and individuals. The Supreme Court held that the statute was constitutional even though it did not permit the corporation to deduct from gross income the full amount of interest paid upon indebtedness.

In the Revenue Act of 1924 Congress saw fit to provide, in section 208, that taxpayers (other than corporations) sustaining "capital net losses" should be taxed on a different basis from such taxpayers not sustaining capital net losses. The effect of this provision is to place a limitation upon the reduction of the tax by reason of any loss resulting from the sale of capital assets. We know of no constitutional provision which requires Congress to permit any reduction in tax on income by reason of a loss upon the sale of capital assets, or which prohibits it from allowing such reduction by reason of such a loss.

We are of the opinion that no valid objection can be made against this provision of the Revenue Act of 1924. Since this case falls squarely within the terms of the act, the determination of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

Lansdon did not participate in the consideration of or decision in this report.

Van Fossan concurs in the result only.