**J. CHR. G. HUPFEL CO., Inc., v. ANDERSON, Internal Revenue Collector.**

District Court, S. D. New York.
May 16, 1931.

Augustus S. Mapes, of New York City, for plaintiff.

George Z. Medalie, U. S. Atty., and Leon E. Spencer, Asst. U. S. Atty., both of New York City, for defendant.

CAFFEY, District Judge.

This case relates to taxes for the fiscal year ending September 30, 1919, under the Revenue Act of 1918 (40 Stat. 1057, c. 18).

There was a deficiency assessment, which was paid under protest. If plaintiff had been allowed a deduction which was claimed, the amount of additional tax would have been less. Recovery of the difference is sought.

The facts are few. Statement of them is confined to paragraph XIII of the complaint. It is there alleged, in substance, as follows:

(1) Prior to the fiscal year plaintiff acquired the good will of another in the manufacture and sale of beer.

(2) For the good will, $86,244.32 in cash was paid.

(3) "The same" (apparently meaning the cash investment) became a total loss during the fiscal year.

(4) This result was due to the ratification of the Eighteenth Amendment to the Constitution of the United States.

The controversy turns on whether the sum expended for good will is deductible.

On January 30, 1931, I issued a memorandum sustaining a motion to dismiss the complaint. At that time I was governed by Clarke v. Haberle Brewing Co., 280 U. S. 384, 50 S. Ct. 155, 74 L. Ed. 498, as construed in Gambrinus Brewery Co. v. Anderson (C. C. A.) 42 F.(2d) 216. Since then (on February 24, 1931) Gambrinus Brewery Co. v. Anderson, 282 U. S. 638, 51 S. Ct. 260, 75 L. Ed. ——; Burnet v. Industrial Alcohol Co., 282 U. S. 646, 51 S. Ct. 265, 75 L. Ed. 592, and Burnet v. Niagara Brewing Co., 282 U. S. 648, 51 S. Ct. 262, 75 L. Ed. ——, have been handed down. Plaintiff asks for a rehearing.

On the authority of the last three mentioned decisions, the broad interpretation of the Haberle Case by the Circuit Court of Appeals must be abandoned.

It seems to me that it was not unnatural to attribute to the general expressions of the

Haberle opinion the meaning ascribed to them. While good will only was involved, I think it was not unreasonable to regard it as the purpose of the Supreme Court sweepingly to deny deduction on account of anything which resulted from prohibition. It has now been made plain, however, that this was not the intention; that it was not designed to put under ban all diminution of property value in consequence of change in the government's liquor policy, which rendered further conduct of a business illegal.

When the case at bar was previously argued, my course was clear. I was bound by the interpretation put on the Haberle Case by the Court of Appeals. I was therefore compelled to hold that no cause of action was stated. The significance then given to the Haberle Case having subsequently been narrowed, the present problem is whether that case as it now stands for this court, or whether some other case, requires the complaint to be deemed insufficient.

On the one hand, it is urged (1) that the recent cases concerned only physical property, and hence have no bearing on good will; (2) that, under the Haberle Case, there can be no deduction on account of demolition of good will, irrespective of how it originated or grew or was procured. On the other hand, it is insisted (1) that the Haberle Case dealt only with what is described as the taxpayer's "own" or "built-up" good will, whereas here money was paid for good will, and accordingly it became part of capital assets; (2) that if the destruction of good will be not obsolescence, within subdivision (7) of section 234 (a) of the statute, it is a loss within subdivision (4) of the section (40 Stat. 1077).

It is manifest from inspection that the cases cited from 282 U. S. were limited to physical property. Moreover, I fail to discover in them any indication of a distinction or any basis for distinguishing between the methods by which good will was derived, whether by purchase or by good conduct or otherwise; nor, so far as good will is affected, do they afford ground for discrimination between the forms of suffering by a taxpayer, whether it be called loss or obsolescence. The Haberle Case was not overruled nor, as to good will, was it even disturbed. In a sense it was explained, and it was pointed out that it did not include or apply to tangibles; but it was explicitly reaffirmed, and it was unambiguously stated that the principle it laid down (repeated in Renzie-

hausen v. Lucas, 280 U. S. 387, 50 S. Ct. 156, 74 L. Ed. 501) was left unimpaired. As I read the Haberle and Renziehausen Cases, they say unequivocally that for destruction of good will by the Eighteenth Amendment there can be no deduction.

In addition, incidentally it may be noted that the complaint does not show that plaintiff ever contended, and Matter of J. Chr. G. Hupfel Co., Inc., v. Commissioner, 9 B. T. A. 944, indicates that it was not contended, before the tax officials that the good will item was a "loss" (see, also, Red Wing Malting Co. v. Willcuts [C. C. A.] 15 F.(2d) 626, 49 A. L. R. 459, certiorari denied 273 U. S. 763, 47 S. Ct. 476, 71 L. Ed. 879).

I refrain from comment on the portion of plaintiff's briefs containing discussion addressed to the issue as if it were original and were not already settled. If my conclusion be erroneous, the fault is my misunderstanding of the language employed by the Supreme Court. It is not within the proper province of a trial court to depart from what the highest court has ruled.

In effect, plaintiff requests modification of a ruling of the Supreme Court. Such a change, if warranted on the merits, is the exclusive function of that court itself.

Motion to dismiss the complaint granted, with leave to plaintiff within twenty days to serve an amended complaint. Settle order on three days' notice.