**MOISE v. BURNET, Com'r of Internal Revenue.**

**SCHLESINGER v. SAME (three cases).**

**Nos. 6179–6182.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 12, 1931.

Jerome H. Bayer, of San Francisco, Cal. (Brewster & Ivins, of Washington, D. C., Leon M. Shimoff, of San Francisco, Cal., and F. E. Youngman, of Washington, D. C., of counsel), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

These four cases, consolidated in the former hearing because of the exact similarity of the points at issue, are here on a petition to review orders of the United States Board of Tax Appeals.

The facts, as stated by the Board of Tax Appeals and petitioners' brief, are as follows: Leon L. Moise, Gerald F. Schlesinger, and Le Roy Schlesinger were equal partners in the firm of Schlesinger & Bender, of San Francisco, Cal., a company engaged in the wholesale liquor business from the time of its formation, July 1, 1918, until January 16, 1920, the date of its dissolution and termination of business. Prior to the formation of the partnership, the business of the three individuals had been conducted in the same location by a corporation.

On December 31, 1918, the partnership, believing that it would be compelled to terminate its business in 1920 by reason of the National Prohibition Act, and believing that its leasehold improvements and equipment would be wholly obsolete at that time, charged off its books as a loss the amounts of $7200, the balance remaining in its "Building" account, and $13,965.03, the balance remaining in its "Furniture and Fixtures" account. In 1920, when the business was closed, the partnership sold its furniture and equipment and the premises were vacated shortly after April 1, 1920.

The partnership filed returns for the period from July 1, 1918, to December 31, 1918, and for the years 1919 and 1920. In its return for the six months' period from July 1, 1918, to December 31, 1918, the partnership claimed as a deduction from gross income the sum of $21,848.60 as exhaustion, wear, and tear (including obsolescence) of its tangible properties. The Commissioner disallowed this sum as deduction and refused to allow any amount as a

reduction for the obsolescence of tangible property of the partnership.

In its return for the year 1920, the partnership included in its gross income the sum of $7,801.18, representing the proceeds received from sales of cooperage, scrap, and office furniture.

In its returns filed for the period from July 1, 1918, to December 31, 1918, and for the years 1919 and 1920, the partnership claimed certain amounts therein as deductions from gross income for the obsolescence of good will. The Commissioner, in a letter dated October 22, 1924, informed the partnership that the correct amount of $52,814.70 was allowed the partnership as obsolescence of good will for prohibition purposes, and indicated its distribution over the three years 1918, 1919, and 1920.

Each of the petitioners involved in these proceedings filed individual income tax returns covering the years in which deficiencies have been asserted. Leon L. Moise filed his return for 1918 not later than March 15, 1919, and the last waiver he executed for that year extended the statutory period to December 31, 1925. The return of Moise for 1919 was filed not later than March 15, 1920, and the last waiver executed for that year expired December 3, 1925. The return of Moise for 1920 was filed April 7, 1921, no waivers were signed, and the taxes became barred on April 7, 1926.

Gerald F. Schlesinger filed his income tax return for 1918 not later than March 22, 1919, and signed waivers which extended the statutory period to December 31, 1925. The return of Gerald F. Schlesinger for 1919 was filed March 15, 1920, and the last waiver for that year expired December 31, 1925. The return for the year 1920 was not in dispute.

Le Roy Schlesinger filed his income tax return for 1918 not later than March 15, 1919, and the final waiver for that year expired March 1, 1925. His income tax return for the year 1920 was filed April 6, 1921, and therefore became barred April 6, 1926, as no waivers for that year were signed. The year 1919 was not in dispute.

In the latter half of 1925 the Commissioner of Internal Revenue mailed four deficiency letters: one to Leon L. Moise, covering the years 1918, 1919, and 1920, and determining a deficiency of $5,032.20; one to Gerald F. Schlesinger, covering the years 1918 and 1919 and determining a deficiency of $4,657.96; and two to Le Roy Schlesinger, of which one, involving the year 1920, determined a deficiency of $153.08, and the other, involving the year 1918, rejected a claim in abatement for $414.99. From each of these four letters the taxpayer receiving it filed an appeal with the United States Board of Tax Appeals, claiming error on the part of the Commissioner with respect to such portion of the alleged deficiency as arose from disallowance of a deduction for obsolescence of tangible assets of the partnership business, and alleging that all taxes and deficiencies for the years in question were forever barred by the statutes of limitation applicable thereto.

An answer and an amended answer were filed by the Commissioner in each of the four appeals. In each one of the latter there were allegations similar to those in the Leon L. Moise case (No. 6179), which read as follows:

"4. (a) * * * alleges that the Commissioner erred by not including in the petitioner's income for the year 1918, $5,709.70, for the year 1919, $11,419.39, and for the year 1920, $475.60, said amounts being the petitioner's distributive interest in $52,814.70, deducted for the taxable years 1918, 1919, and 1920, by Schlesinger and Bender as obsolescence of goodwill."

"5. (c) * * * alleges that the obsolescence of goodwill amounting to $52,814.70 deducted by Schlesinger and Bender as alleged in subdivision (c) of paragraph 5 of the petition is not an allowable deduction of said copartnership."

The four proceedings were tried together before the Board on May 4, 1927. The decision of the Board, promulgated on September 25, 1928, was adverse to the taxpayers on all points. Not only did it uphold in entirety the deficiencies claimed in the sixty-day letters from which the appeals were taken, but in addition it determined greatly increased deficiencies. In December, 1928, the Board made an order of redetermination under Rule 50 in each of the four cases, fixing the total deficiency of Leon L. Moise at $9,633.30, that of Gerald F. Schlesinger at $9,031.54, and that of Le Roy Schlesinger at $1,748.87.

From this hearing and these orders come these appeals.

Opposing counsel substantially agree that the questions presented in these appeals are four in number. Accordingly, we will dispose of those four questions seriatim.

**1.** Whether the respondent in his amended answers made such claims for increased deficiencies as were required to give the Board of Tax Appeals jurisdiction to determine such increases under section 274 (e) of the Revenue Act of 1926 (26 USCA § 1048c).

Section 274 (e) provides: "The board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, if claim therefor is asserted by the commissioner at or before the hearing or a rehearing."

The Commissioner did not properly "assert" "claims" for additional deficiencies, in the amended answers filed by him before the Board. The rule that tax statutes should be liberally construed in favor of the taxpayer clearly requires that a claim should be actually and definitely made, and not left to conjecture, inference, or interpretation. No words of claim, request, or demand were used by the Commissioner. He must be bound by his pleadings, and cannot be assumed to have *intended* to present a claim that he did not actually assert. This is especially true, as Member Van Fossan points out in his dissenting opinion, concurred in by Member Lansdon, inasmuch as the prayer in each of the amended answers filed by the Commissioner merely asks "that the appeal be denied." "The relief demanded is gauged by the prayer." United States v. Sloan Shipyards Corporation et al. (D. C.) 270 F. 613, 617, 618, and California cases there cited.

**2.** Whether the assessment and/or collection of all or any part of the deficiencies asserted by the respondent is barred by the statutes of limitation.

In view of our holding regarding question 1, it is unnecessary save in one instance to pass upon the question regarding the statute of limitations. Additional taxes were not claimed as required by the act, or at all, and therefore the Board had no jurisdiction to determine any additional deficiencies.

In the case of Le Roy Schlesinger's taxes for 1918, however, we hold that neither the Commissioner nor the Board had the power to determine any deficiency whatever. Assuming that the waivers were all valid, the five-year period had run six months prior to the date of the Commissioner's deficiency letter for those taxes, namely, September 4, 1925.

In this connection, we desire to state that we hold all the undisputed waivers filed by the taxpayers, and relied upon by the Commissioner, to be valid. We base this view upon the authority of the case of Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, as well as upon general law.

**3.** Whether the evidence was sufficient to show that the partnership of which the petitioners were members was entitled to its claimed deduction for obsolescence of its *tangible assets* because of the passage of the National Prohibition Act, and whether, therefore, the Board erred in refusing to reverse the Commissioner's disallowance of the deduction.

We hold that the Board erred in deciding that the petitioners were not entitled to a deduction for loss occasioned from the obsolescence above set forth, claims for which deduction had been filed by the taxpayers and disallowed by the Commissioner.

In the case of V. Loewers Gambrinus Brewery Co. v. Anderson, 282 U. S. 638, 641, 51 S. Ct. 260, 75 L. Ed. 586, Mr. Justice Butler used the following language: "The sole question for decision is whether, in calculating its taxes for 1918 and 1919, plaintiff was entitled to any allowance for obsolescence of its buildings resulting from the imminence and taking effect of the prohibitory laws. The language of section 234 (a) (7) [of the Revenue Act of 1918] is broad enough to include all obsolescence from whatever cause."

Furthermore, we cannot agree with counsel for the appellee that the showing made by the appellants herein, as to the evidence relating to their deductions for such obsolescence was insufficient to sustain their claims. The ledger sheet and Le Roy Schlesinger's testimony regarding the leasehold improvements, furniture, fixtures, and equipment, as well as regarding the "little passbook" and the entry therein dealing with the sale of the furniture—all this evidence, we believe, was sufficient to establish the taxpayers' claims for deductions.

The partnership was not required to prove the obsolescence in question to a mathematical certainty. In the case of Burnet v. Niagara Falls Brewing Co. et al., 282 U. S. 648, 654, 655, 51 S. Ct. 262, 265, 75 L. Ed. 594, Mr. Justice Butler said: "It

would be unreasonable and violate that canon of construction to put upon the taxpayer the burden of proving to a reasonable certainty the existence and amount of obsolescence. Such weight of evidence as would reasonably support a verdict for a plaintiff in an ordinary action for the recovery of money fairly may be deemed sufficient. Neither the cost of obsolescence nor of accruing exhaustion, wear, and tear that is properly chargeable in any period of time can be measured accurately. A reasonable approximation of the amount that fairly may be included in the accounts of any year is all that is required. In determining the proper deduction for obsolescence, there is to be taken into consideration the amount properly recoverable, at the end of its service, by putting the property to another use or by selling it as scrap or otherwise. There is no hard and fast rule, as suggested by the government, that a taxpayer must show that his property will be scrapped or cease to be used or useful for any purpose, before any allowance may be made for obsolescence."

4. Whether the partnership was properly disallowed a deduction from gross income on account of obsolescence of *good will*.

Since the Commissioner, as we have seen, allowed this claim for deduction and later merely asserted his "error" in his amended answers, we hold, as indicated above, that such assertion of error is not equivalent to a claim for the tax on the amount erroneously deducted from the income.

We may observe in passing, however, that, under the authority of the case of Clarke v. Haberle Crystal Springs Brewing Co., 280 U. S. 384, 50 S. Ct. 155, 74 L. Ed. 498, a deduction for obsolescence of good will due to prohibitory legislation would not have been allowable, and a claim for the amount erroneously deducted therefor, if it had been properly made by the Commissioner, would have been sustainable.

It will thus be seen that a distinction between deductions for obsolescence of *tangible* assets due to prohibitory legislation, and deductions for obsolescence of *good will* due to such legislation, has been made by the Supreme Court.

The decision of the Board of Tax Appeals is reversed, with instructions to eliminate therefrom any determination of deficiency in the tax of Le Roy Schlesinger for 1918; to disallow the Commissioner additional deficiencies based upon his previous erroneous allowances for obsolescence of good will, such deficiencies being improperly pleaded in the Commissioner's amended answers; and to allow the taxpayers' claims for deductions based upon obsolescence of the partnership's tangible assets.

Reversed, with instructions.

WILBUR, Circuit Judge, concurs.