## AVERY v. COMMISSIONER OF INTERNAL REVENUE.
### Nos. 5728, 5729.

Circuit Court of Appeals, Seventh Circuit.
June 30, 1936.
Rehearing Denied July 29, 1936.

Leland K. Neeves, of Chicago, Ill., for petitioner.

Frank J. Wideman and Sewall Key, both of Washington, D. C., Robert H. Jackson, Asst. Atty. Gen., and Warren F. Wattles, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

These appeals are from orders of the United States Board of Tax Appeals, confirming deficiencies involving income taxes for the years 1930, 1931 and 1932. Cause No. 5728 relates to the taxes for the first two years, which are governed by the Revenue Act of 1928 (45 Stat. 791), and Cause No. 5729 relates to the taxes for 1930 and involves the Revenue Act of 1932 (47 Stat. 169).

Appellant is an individual and a resident of Illinois. During the years in question his net income exclusive of capital net losses, his capital net losses, and his charitable contributions were as follows:

| Year | Net Income Exclusive of Capital Net Losses | Capital Net Losses | Charitable Contributions |
|------|------|------|------|
| 1930 | $156,812.46 | $128,299.75 | $ 86,937.79 |
| 1931 | 393,194.85 | 199,059.58 | 105,236.35 |
| 1932 | 377,799.79 | 797,717.89 | 54,921.34 |

The questions here presented arise over the amounts of deductions to be allowed for petitioner's charitable contributions. In computing the deficiencies, the Commissioner allowed a deduction of fifteen per cent of the difference on account of the charitable contributions for each year when the petitioner's net income, exclusive of capital net loss, exceeded his capital net loss. For the year 1932, when the capital net loss exceeded the net income, exclusive of capital net loss, no deduction for charitable contributions was allowed. Upon petitions for review, the Board sustained the rulings of the Commissioner.

It is contended by petitioner that in determining the deductions for charitable con-

tributions, his capital net losses should be disregarded in computing his net income. The provisions of the applicable sections of both acts involved are identical, and for brevity we shall refer only to the Act of 1928. 45 Stat. 791.[1]

In Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 19, 79 L.Ed. 246, 97 A.L.R. 207, the question was presented whether deductions on account of charitable contributions should be taken from net income as defined by section 21 (26 U.S.C.A. § 21 and note) or from ordinary net income as defined by section 101 (c) (7) of this act (26 U.S.C.A. § 101 note). Section 21 defines net income as gross income com-

puted under section 22 (26 U.S.C.A. § 22 and note), less the deductions allowed by section 23 (26 U.S.C.A. § 23 and note). The computation under section 22 includes capital gains and losses. The Court there held that the base for computing the fifteen per cent deduction for charitable contributions under section 23 (n) was the net income defined by section 21, and included capital net gain, even though the taxpayer elected to be taxed on capital net gain at the reduced rate prescribed by section 101 (a). It said, "For 'net income,' the base specified in section 23 (n) * * * the petitioner would substitute 'ordinary net income' as

[1] Revenue Act of 1928:

"Sec. 23. *Deductions from Gross Income.* In computing net income there shall be allowed as deductions: * * *

"(n) *Charitable and other contributions.*—In the case of an individual, contributions or gifts made within the taxable year to or for the use of: * * *

"(2) any corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * * to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this subsection. * * * *".

"Sec. 101. *Capital Net Gains and Losses.*

"(a) *Tax in case of capital net gain.*—In the case of any taxpayer, other than a corporation, who for any taxable year derives a capital net gain (as hereinafter defined in this section), there shall, at the election of the taxpayer, be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total tax shall be this amount plus 12½ per centum of the capital net gain.

"(b) *Tax in case of capital net loss.*—In the case of any taxpayer, other than a corporation, who for any taxable year sustains a capital net loss (as hereinafter defined in this section), there shall be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the

ordinary net income at the rates and in the manner as if this section had not been enacted, and the total tax shall be this amount minus 12½ per centum of the capital net loss; but in no case shall the tax of a taxpayer who has sustained a capital net loss be less than the tax computed without regard to the provisions of this section.

"(c) *Definitions.*— * * *

"(1) 'Capital gain' means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921.

"(2) 'Capital loss' means deductible loss resulting from the sale or exchange of capital assets.

"(3) 'Capital deductions' means such deductions as are allowed by section 23 for the purpose of computing net income, and are properly allocable to or chargeable against capital assets sold or exchanged during the taxable year.

"(4) 'Ordinary deductions' means the deductions allowed by section 23 other than capital losses and capital deductions.

"(5) 'Capital net gain' means the excess of the total amount of capital gain over the sum of (A) the capital deductions and capital losses, plus (B) the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gains.

"(6) 'Capital net loss' means the excess of the sum of the capital losses plus the capital deductions over the total amount of capital gain.

"(7) 'Ordinary net income' means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions.

"(8) 'Capital assets' means property held by the taxpayer for more than two years (whether or not connected with his trade or business)." 26 U.S.C.A. §§ 23 and note, 101 note.

defined in section 101. So to read the act would violate its plain terms and run counter to the history of the legislation. * * * By the express words of section 23 (n) charitable contributions are to be deducted to ascertain net income as defined in section 21; and nothing in section 101, which prescribes merely a method for segregating a portion of that net income for taxation at a special rate, in any wise alters the right of the taxpayer to take the deduction in accordance with section 23 (n)."

 It is true that in that case capital net gain was involved under section 101 (a), while in the case at bar, capital net loss is involved under section 101 (b), and for this reason the petitioner contends that the case is not applicable here. It will be noted, however, that the Court stated that nothing in section 101 in any wise altered the right of the taxpayer to take the deduction in accordance with section 23 (n). Of course, section 101 (b) was not directly involved in that controversy, but the language employed includes both subsections (a) and (b). If, however, we consider the statement as dictum with respect to section 101 (b), yet we think its application to that subsection is logically sound, and we perceive no reason why the computation base in one section should be different from that in the other. When the taxpayer chooses to accept the benefit of his charitable contributions, he must accept the computation base provided by statute, regardless of the application of any other statute which merely segregates a portion of his net income for taxation at a special rate, or limits his losses in the computation of his tax. We think the Bliss Case is controlling here and that the Board correctly held that petitioner's capital net losses should be taken into account in computing his net income.

 It is further contended by petitioner that both Acts are invalid, as we have construed them, because they require the deduction of capital net losses from gross income in determining the deduction under section 23 (n), while all such losses may not be deducted in determining the taxable net income under sections 22 and 23. He further contends that section 101 (b) is invalid insofar as it denies a taxpayer the right to deduct his capital net losses in full in determining taxable net income. The first point deals primarily with the question whether the statute as we have construed it is fatally arbitrary and discriminatory. The second point involves the question whether Congress, in levying a general income tax, can wholly deny any deduction on account of losses resulting from the sale or conversion of capital assets. The respondent suggests that the petitioner in his petition before the Board at no time questioned the constitutionality of the Acts, and for that reason he urges that that question can not be presented here. The petitioner, however, counters with the statement that, although his petition did not specifically allege that fact, yet it was orally argued without objection from either respondent or the Board, but it was not discussed in the opinion. Under these circumstances, we feel that the matter is properly presented here.

 We are convinced, however, that neither contention is tenable. Section 208 (c) of the Act of 1924, 43 Stat. 262 (26 U.S.C.A. § 101 note) was held to be constitutional in Keusch v. Commissioner, 23 B.T. A. 216. That section is substantially identical with section 101 (b) now under consideration. The ruling was affirmed by the Third Circuit Court of Appeals in a per curiam decision, 60 F.(2d) 481, and certiorari was denied, 287 U.S. 641, 53 S.Ct. 89, 77 L.Ed. 555. The per curiam decision does not disclose that the constitutional question was presented or passed upon. The briefs here, however, disclose without denial that that question was raised in the Circuit Court of Appeals and was raised and discussed in the briefs upon petition for certiorari. Be that as it may, we are in accord with the opinion of the Board in this respect. Under the Sixteenth Amendment all income, whether net or gross, may be taxed by Congress, and the deductions allowed from gross income are given as a matter of grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Helvering v. Independent Life Insurance Co., 292 U.S. 371, 54 S.Ct. 758, 78 L.Ed. 1311. The limited exercise of a lawful authority is not objectionable. Denman v. Slayton, 282 U.S. 514, 51 S.Ct. 269, 75 L.Ed. 500; Brushaber v. Union Pacific R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas.1917B, 713. The rule with respect to losses is not different from that of other deductions, and they may not be reflected in an income tax return unless authorized by statute. Clarke v. Haberle Crystal Springs Brewing Co., 280 U.S. 384, 50 S. Ct. 155, 74 L.Ed. 498: Renziehausen v.

Lucas, 280 U.S. 387, 50 S.Ct. 156, 74 L.Ed. 501; Mente v. Eisner (C.C.A.) 266 F. 161, 11 A.L.R. 496; Seiberling v. Commissioner (C.C.A.) 38 F.(2d) 810; Stranahan v. Commissioner (C.C.A.) 42 F.(2d) 729.

Orders affirmed.