**WESTERN TERMINAL COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22387.

United States Court of Appeals
Ninth Circuit.

May 29, 1969.

Scott Lukins (argued) and Francis J. Butler, of Butler & Lukins, Spokane, Wash., for appellant.

David Carmack (argued), Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., Lee A. Jackson, William Friedlander, Jeanine Jacobs, Dept. of Justice, Washington, D. C., Smithmoore P. Myers, U. S. Atty., Spokane, Wash., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and TAYLOR *, District Judge.

PER CURIAM:

This appeal involves federal income taxes for the year 1960. On June 3, 1964, the taxpayer (Appellant) paid a deficiency of its taxes for 1960 in the sum of $203,222.05. A timely claim for refund was thereafter filed which was rejected and this action was timely filed in the District Court. This appeal is from the judgment of said court entered in favor of the United States of America (Appellee) on September 1, 1967. The District Court had jurisdiction under Title 28 U.S.C. § 1346(a) and this court has jurisdiction under Title 28 U. S.C. § 1391.

The questions presented by Appellant on the appeal are:

1. Did the District Court err in holding that the taxpayer's fuel storage facility located near Grand Forks, North Dakota, had a twenty year useful life at the end of 1960?

2. Did the District Court err in holding that it was proper to consider hindsight evidence in determining the useful life of taxpayer's fuel storage facility?

It is disclosed in the trial record that the trial judge in making his findings and conclusions in regard to the useful life of taxpayer's storage facility relied on hindsight evidence, citing as authority for so doing the case of Lassen Lumber & Box Co. v. Blair, 27 F.2d 17, 20 (9th Cir. 1928). It appears from the record that at the time of trial the Government and the court considered hindsight evidence to be competent in determining the useful life of the facility in question. At the conclusion of the trial, the trial judge emphasized the fact that in making his decision he was relying on hindsight. He specifically instructed counsel to clearly state in the findings of fact that he did rely on such

* Hon. Fred M. Taylor, United States District Judge, Boise, Idaho, sitting by designation.

evidence and pursuant to such instruction such a formal finding of fact was made.

On this appeal the Government has made its position clear in regard to the use of hindsight evidence in the resolution of depreciation cases. In response to an order of this court, counsel for the Government in a letter dated April 4, 1969, stated:

"It is now the view of the Internal Revenue Service that 'hindsight' should not be used in the resolution of depreciation cases. Treasury Regulations on Income Tax (1954 Code), Section 1.167(b)-o-(a) provides:

* * * The reasonableness of any claim for depreciation shall be determined upon the basis of conditions known to exist at the end of the period for which the return is made. * * *

See also, Johnson v. Commissioner [of Internal Revenue], 302 F.2d 86 (C.A. 4th, 1962), certiorari denied 371 U.S. 904 [83 S.Ct. 206, 9 L.Ed.2d 164]. The Service's current position is consistent with the foregoing Regulation and its cited opinion."

Since *Lassen*, supra, was decided by this court in 1928, long prior to the adoption of the quoted regulation, it is obvious that the hindsight rule announced in *Lassen* is no longer applicable in a depreciation case such as the one here.

We must and do conclude that the use of "hindsight" by the trial court in the resolution of this case was erroneous.

█ The Appellee urges this court to affirm the decision of the lower court on the theory that Appellant failed to sustain its burden of proof under the applicable rule without reference to the events occurring after the end of the year 1960. We could probably decide this case on the record before us without considering the hindsight evidence therein, but this we are not disposed to do. We believe that the trial court should have the opportunity to resolve the question without the use of "hind-

sight" and that this court should have the benefit of any decision that court might render without the use of such evidence.

Since this case is going to be remanded to the District Court for further proceedings, we believe we should comment on the evidentiary test of "reasonable certainty" urged by the Appellee and applied by the trial court in determining the burden of proof required of Appellant. In applying this rule the trial court apparently again relied on the holding in *Lassen Lumber & Box Co.*, supra. On a reconsideration of this case we invite the trial court's attention to the rule announced in the Supreme Court case of Burnet v. Niagara Falls Brewing Co., et al., 282 U.S. 648, 655, 51 S.Ct. 262, 265, 75 L.Ed. 594 (1931). Also the case of Moise v. Burnet, 52 F.2d 1071, 1073, 1074 (9th Cir. 1931).

We conclude that this case should be, and hereby is, remanded to the District Court for further proceedings consistent with this opinion.