WADSWORTH R. LEWIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75957.    Promulgated September 17, 1936.

*Harry W. Forbes, Esq.*, and *John A. Wilson, Esq.*, for the petitioner.
*Gerald W. Brooks, Esq.*, for the respondent.
*A. Chauncey Newlin, Esq.*, filed a brief *amicus curiae*.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $5,825.99 in petitioner's income tax for 1931. The essential facts

were stipulated at the hearing and the rest of petitioner's evidence is undisputed. The facts may be summarily stated.

Petitioner, on December 21, 1931, sold in open market on the New York Stock Exchange through one firm of brokers certain stocks which he had held for more than two years, and the next day he purchased through another brokerage firm the same number of shares of the same stock, which he thereafter instructed his brokers to sell. These later acquired stocks were accordingly sold from December 28 to 30, 1931. The loss realized on these last sales was $132,280.35.

The petitioner assails the Commissioner's determination that this amount is to be treated as a capital rather than as an ordinary loss. The issue thus presented is the same as the first question raised in *Howard Heinz*, 34 B. T. A. 885, whether stock purchased within the thirty-day period so as to render nondeductible under the wash sale provision the loss sustained on the first sale, is a capital asset, and the loss sustained on a later sale a capital loss. In accordance with the decision in the *Heinz* case, the Commissioner's determination upon this point of law is reversed.

The Commissioner in an amended answer pleads affirmatively that in no event is the loss deductible, because the second transaction, in which alone it may be recognized, was not a "transaction entered into for profit." This negative allegation is denied in petitioner's reply, and the respondent must therefore prove it. He offers no evidence of his own, and the only testimony for petitioner which might give it color is a statement that the purpose of the sales was in part to realize losses as tax deductions. All purchases and sales were at market. This is plainly not enough to require or justify a finding that the losses were not sustained in transactions entered into for profit.

As a matter of law, it can not be said that a "transaction entered into for profit" must result in a profit or that it may not exist because it has but scant hope for profit. Such a construction would stultify the term completely or else limit it to sudden or unforeseeable losses. The statute applies rather to a type or character of transaction, and serves to enlarge the group of deductible losses beyond those incurred in trade and those incurred by casualty, etc. The Commissioner's proposed construction would not only prevent the wash sale deduction, but would prevent the loss deduction entirely, no matter when the shares were sold, unless the taxpayer when he made his second purchase reasonably believed that the market would carry their value up to a sale price higher than the cost of the shares originally purchased, and intended to hold them for a profitable sale. This construction is too narrow for adoption. The loss is deductible.

*Judgment will be entered under Rule 50.*