## HEINZ v. COMMISSIONER OF INTERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVENUE v. HEINZ.
### Nos. 6427–6429.

Circuit Court of Appeals, Third Circuit.
Feb. 11, 1938.

H. Stanley Hinrichs, of Washington, D. C. (Oscar P. Mast, of Washington, D. C., of counsel), for Howard Heinz.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to Atty. Gen., for Commissioner.

Before·DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

An income tax was assessed against Howard Heinz for the year 1931 and deductions allowed from the tax assessments for the years 1931 and 1932. The Commissioner is asking for a review of the ruling of the Board of Tax Appeals on the tax assessment, and Heinz from the ruling on the deductions. There are thus three petitions for review;' one by the Commissioner and two by the taxpayer.

The fact situation out of which the questions of law which are raised arise is a very simple one. The taxpayer has owned for more than two years shares of stock in corporations. This he made the subject of a formal sale. The sale, however, was a wash sale because within thirty days he repurchased stock of the same issue. This repurchased stock he then sold in a real sale resulting in a loss. The taxpayer had made during the years 1931 and 1932 a number of charitable contributions, because of which he asked for a deduction.

The question on the 1931 tax assessment is whether the loss on the sale of the stock referred to was a capital loss or an ordinary loss. The question on the deductions is whether the 15 per cent. is on the net income before the capital losses are deducted or on the net income after deduction for both capital losses arid ordinary losses.

These questions grow out of the same fact situation, were argued together, and may be disposed of in one opinion, although necessarily discussed separately.

### The 1931 Tax Question.

The taxpayer made his return on the basis that these losses on sales of stock were ordinary losses. The Commissioner notified him of a deficiency assessment on the basis that the losses were capital losses. The Board of Tax Appeals (2 members dissenting) held the losses to be ordinary losses. The Commissioner has brought the question here for review.

### Discussion.

■ The question is whether these stock losses were capital losses or ordinary losses. A capital loss on a sale of stock is defined by the statute to be a loss on the sale of stock which has been owned for more than two years. Section 118 of the Revenue Act 1928, 45 Stat. 826, 26 U.S.C.A. § 118 note, the statute in force at the time of this assessment provides that in cases of wash sales no loss is to be allowed. Section 113, 45 Stat. 818, 26 U.S.C.A. § 113 note, however, provides that in case of a sale of the repurchased stock the loss, if any, is to be measured on the basis of the cost of the stock when first purchased. Section 113 is to help out a taxpayer who has suffered

a nominal loss which by section 118 cannot be allowed. We say nominal loss because not allowed. He is given the right to measure his loss by a contrast of the original purchase price with the sales price. The right is limited to cases of wash sales, the loss measured by which has been disallowed. There is no direct reference to capital loss sales or ordinary loss sales, and the measure of loss is the same in either case. In a strict sense the repurchased stock has not been owned for two years and indeed for part of the two-year period preceding the final sale there may have been no stock owned. Indeed, this is always the case unless the wash sale and the repurchase are simultaneous.

The meaning of each of the referred to sections of the act at first blush would seem to be clear enough without interpolating any unexpressed thought. It is only when applied to a concrete case that any ambiguities are presented. As Mr. Justice Butler has truly said in Helvering v. Trust Company, 292 U.S. 455, 465, 54 S.Ct. 806, 809, 78 L.Ed. 1361, "ambiguities requiring construction often exist where upon first reading the words seem clear." The provisions of this act, although at first reading clear, when applied to particular fact situations are seen to need the help of interpretation. There are many illustrations of this, but the instant case is not one.

■ There does seem to be something of a logical inconsistency in holding that a loss is to be measured as a capital loss and yet to hold that it is an ordinary loss. The measurement of a loss is one thing and what the loss is is a different thing. If a statute is clearly expressed, it is to be taken as meaning what it says and cannot be construed to mean something else, merely because the construed meaning would make the statute uniform with other statutes.

The act defines capital losses by reference to the time during which the taxpayer had owned the stock sold without qualification. Section 118 merely denies to the taxpayer the allowance of a nominal loss from a wash sale. It does not declare a wash sale to be no sale or prohibit it. Section 113 merely provides that the loss at the second sale shall be measured on the basis of the original purchase. It does not provide that the loss shall be a capital loss if ignoring the wash sale would make it such.

It was accordingly held in the Third Circuit that the time of stock ownership began when the taxpayer acquired the stock, notwithstanding that he had acquired it by gift from his father. Johnson v. Commissioner, 3 Cir., 52 F.2d 727.

The majority opinion of the Board of Tax Appeals fairly and fully covers the whole field of discussion, and so far vindicates the soundness of the conclusion reached that nothing of value could be added. The dissent is rested wholly upon the ruling in the Trust Company Case, supra. The bearing of this ruling upon the question now presented is likewise fully discussed in the majority opinion. The Revenue Act of 1932, § 101 (c) (8) (D), 26 U.S.C.A. § 101 note, which settled for the future the question of what was a capital loss was not made retroactive. It is clearly a new enactment.

The petition of the Commissioner is denied, and the ruling of the Tax Board of Appeals approved and affirmed.

### The 1931 and 1932 Taxes.

■ The sole question here raised is whether the deductions allowed for charitable contributions shall be measured by a percentage of the net income or income before capital losses are deducted. The petitioner admits, as the Board of Tax Appeals unanimously held, that the question had been ruled adversely to him, not only in a number of B. T. A. decisions, but also by the ruling of the Circuit Court of Appeals for the Seventh Circuit and the Third Circuit. Avery v. Commissioner, 84 F.2d 905; Lockhart v. Commissioner, 89 F.2d 143, and supported by the opinion of the Supreme Court in Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246, 97 A.L.R. 207.

A certiorari was asked for and denied in the Avery Case, 299 U.S. 604, 57 S.Ct. 231, 81 L.Ed. 445. One was likewise asked for in the Lockhart Case and refused, 58 S.Ct. 31, 82 L.Ed. ——.

We are strongly urged to reconsider the ruling in the Lockhart Case as one rested upon the Bliss Case when, it is said, the Bliss Case dealt with capital gains, not losses, as in the Lockhart Case, and here, and hence the reference in the Bliss Case to capital losses was an obiter dictum.

We see no occasion to reconsider the ruling in the Lockhart Case as we think the opinion fully vindicates the ruling made.

The petition of Heinz for a review of the ruling of the Board of Tax Appeals is denied, and the ruling of the Board approved and affirmed.