**UNITED STATES v. BOK et al.**

**BOK et al. v. UNITED STATES.**
Nos. 18850, 19752.

District Court, E. D. Pennsylvania.
Feb. 18, 1938.

Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and F. A. Michels, of Washington, D. C.

Albert S. Lisenby and Thorpe Nesbit (of Weill, Blakely & Nesbit), both of Philadelphia, Pa., for the Estate.

MARIS, District Judge.

These are two suits arising out of the income tax liability of the late Cyrus H. K. Curtis for the year 1931. The first suit is by the United States against his executors to recover the amount of a refund made to his executors in 1933, erroneously, as the government contends. The second is a suit by his executors against the United States under the Tucker Act, 28 U.S.C.A. § 41(20), to recover back $10,200 additional tax which he paid and which was not refunded. By stipulation filed October 19, 1937, the cases were consolidated for trial. The facts were all stipulated. From the stipulation filed by the parties I make the following special findings of fact:

On December 1, 1931, Cyrus H. K. Curtis, hereinafter called the decedent, owned the following securities which had cost him the following amounts:

| | |
|---|---|
| 4,500 shares Penna. R. R. Co. | $285,000.00 |
| 5,500 shares Atantic Refining Co. | 283,037.50 |
| 16,000 shares United Gas Improvement Co. | 514,935.50 |

During December, 1931, he sold such shares for the following amounts:

| | |
|---|---|
| 4,500 shares Penna. R. R. Co. | $ 77,810.00 |
| 5,500 shares Atlantic Refining Co. | 55,130.00 |
| 16,000 shares United Gas Improvement Co. | 287,010.00 |

Subsequently to the aforesaid sales, and in December, 1931, and within 30 days of the aforesaid sales, the decedent repurchased the same number of shares of such stocks for the following amounts:

| | |
|---|---|
| 4,500 shares Penna. R. R. Co. | $ 90,562.50 |
| 5,500 shares Atlantic Refining Co. | 51,765.00 |
| 16,000 shares United Gas Improvement Co. | 283,937.50 |

Later in December, 1931, the decedent sold the shares immediately above referred to for the following amounts:

| | |
|---|---|
| 4,500 shares Penna. R. R. Co. | $ 77,785.00 |
| 5,500 shares Atlantic Refining Co. | 53,842.50 |
| 16,000 shares United Gas Improvement Co. | 287,222.50 |

Except as above specified, the decedent did not acquire, or enter into a contract or option to acquire, substantially identical stock or securities at any time.

The losses sustained by the decedent in respect to the sales last above referred to are shown in the following schedule:

| Name of Security | Adjusted Cost Basis | Proceeds of Sale | Loss |
|---|---|---|---|
| 4,500 shs. Penna. R. R. | $297,752.50 | $ 77,785.00 | $219,967.50 |
| 5,500 shs. Atl. Ref. Co. | 279,672.50 | 53,842.50 | 225,830.00 |
| 16,000 shs. U. G. I. | 511,863.00 | 287,222.50 | 224,640.50 |
| | $1,089,288.00 | $418,850.00 | $670,438.00 |

On March 15, 1932, the decedent filed his individual income tax return for the year 1931 showing a gross income of $3,017,886.80. In it he claimed a capital loss of $86,850, ordinary deductions of $1,601,965.44, and reported ordinary net income of $1,415,921.36 and a tax liability of $263,768.02. Thereafter on March 29, 1932, he filed an amended return for the same year showing a gross income of $3,617,886.80. In the amended return he claimed a capital loss of $86,850 and deductions from ordinary income of $1,691,965.44, and reported ordinary net income of $1,925,921.36 and a tax liability of $365,768.02. The tax so shown was paid in installments during the year 1932, the last installment of $91,442.01 being paid December 15, 1932. In the deductions from ordinary income shown in both returns there was included the sum of $670,438, representing the losses on the sale of the shares of stock of the Pennsylvania Railroad Company, Atlantic Refining Company, and United Gas Improvement Company already referred to.

The decedent died on June 7, 1933, and on June 12, 1933, letters testamentary were issued to Mary Louise Curtis Bok and John C. Martin as his executors.

After the filing of the decedent's returns for 1931 the Commissioner of Internal Revenue determined that the sum of $86,850 was not deductible as a capital loss but that the decedent was entitled to deductions for items other than capital losses and charitable contributions in the amount of $1,438,948.97, including the said loss of $86,850, and charitable contributions to the extent of $326,840.67, and he determined the decedent's tax liability to be $361,859.43, this amount being $3,908.59 less than the amount of tax which the decedent had paid. The Commissioner on August 25, 1933, refunded to decedent's executors the sum of $3,908.59 with interest of $100.28 to decedent's executors on August 25, 1933, the total refunded being $4,008.87. In the redetermination referred to the Commissioner allowed the loss of $670,438 on the shares of stock above referred to as a deduction from ordinary income. In 1931 the decedent had sustained a loss of $60,000 on stock of the Franklin Trust Company owned by him which became worthless in that year. This loss had not been claimed by him in either of his returns nor was it taken into consideration in the determination by the Commissioner above mentioned.

Pursuant to a recomputation of the decedent's income tax liability for the year 1931 which showed an additional tax of $40,082.85 to be due, the Commissioner on August 16, 1935, demanded repayment by the decedent's executors of the sum of $4,008.87 which had been refunded to them August 25, 1933, as above mentioned. In computing this additional tax the Commissioner treated the loss of $670,438 on the shares of stock above mentioned as a capital loss, allowed the decedent's loss of $60,000 upon the stock of the Franklin Trust Company as an ordinary loss, and reduced the decedent's deductible contributions from $326,840.67 to $317,840.67.

On December 20, 1934, decedent's executors filed a claim for the refund of $12,000 of the income tax paid for the year 1931 upon the ground that the Commissioner in his original determination had erroneously failed to allow as a deduction from decedent's gross income the loss suffered by him in respect of the stock of the Franklin Trust Company. This claim for refund was rejected by the Commissioner on August 18, 1936.

It is agreed by the parties that, if the loss sustained by decedent upon the sale of the shares of stock above mentioned, amounting to $670,438, was a capital loss, the decedent underpaid his income tax for 1931 and the United States is entitled to recover from his executors the sum of $4,008.87 refunded to them on August 25, 1933, together with interest from that date. If, however, that loss is properly to be treated as an ordinary loss (as decedent's executors contend), then the decedent overpaid his income tax for 1931 by the sum of $10,200, inasmuch as in determining decedent's income tax liability for 1931 the Commissioner erroneously allowed no deduction for the loss sustained as a result of his stock in the Franklin Trust Company having become worthless in that year, and in such event decedent's executors are entitled to recover from the United States the sum of $10,200, with interest from December 15, 1932.

Other facts which may be material appear in the stipulation of facts filed by the parties which is incorporated herein by reference.

### Discussion.

The sole question involved in the two cases is whether the loss sustained by the decedent in December, 1931, upon the sale of certain shares of stock of the Penn-

sylvania Railroad Company, Atlantic Refining Company, and United Gas Improvement Company, were ordinary losses, or whether they were capital losses. If the losses were ordinary losses, the decedent's executors are entitled to a finding in their favor in both cases, while if the losses were capital losses, the United States is entitled to a finding in each action. The Revenue Act defines a capital loss as a deductible loss resulting from the sale or exchange of capital assets. Revenue Act 1928, § 101(c) (2), 26 U.S.C.A. § 101 note. A capital asset is defined as property held by the taxpayer for more than 2 years. Section 101(c) (8) of the Act, 26 U.S.C.A. § 101 note.

In this case the taxpayer sold at a loss certain corporate stocks which he had held for more than 2 years and within 30 days thereafter repurchased the same number of shares of the same stocks which he sold within the same month for less than the cost of the original shares. The first sale was clearly a wash sale within the meaning of section 113(a) (11) of the Revenue Act 1928, 26 U.S.C.A. § 113 note, and the capital loss it reflected was, therefore, not deductible. It is the loss resulting from the second sale that is involved in this case.

It will, therefore, be seen that the question for determination is whether the shares involved in the final sale were capital assets within the meaning of the Revenue Act. It is obvious that these particular shares were not held by the decedent for more than 2 years, since they had been purchased by him only a few days previously. The government contends, however, that, since their purchase within 30 days after the sale of the original shares transformed that sale into a so-called wash sale and made the capital loss resulting therefrom nondeductible, it follows that the length of time the taxpayer held the original shares must be tacked on to the period during which he held the second lot, and that the latter must, consequently, be treated as having been held by him for more than 2 years. If so, it would follow that they were capital assets and that the loss

resulting from their sale was a capital loss.

This question was raised in the case of Heinz v. Commissioner, 34 B. T. A. 885, and was decided by the Board against the contention of the Commissioner. On February 11, 1938, the decision of the Board in the Heinz Case was affirmed by the Circuit Court of Appeals for the Third Circuit. 94 F.2d 832. This decision by that court of the precise point involved in this case is controlling upon me and makes unnecessary a further discussion of the question involved, which must be resolved in favor of decedent's executors.

I accordingly reach the following conclusions of law:

The 4,500 shares of Pennsylvania Railroad Company stock, the 5,500 shares of Atlantic Refining Company stock, and the 16,000 shares of United Gas Improvement Company stock last sold by the decedent in December, 1931, were not held by him for more than 2 years within the meaning of section 101(c) (8) of the Revenue Act of 1928, 26 U.S.C.A. § 101 note, and were not capital assets within the meaning of that act.

The aggregate losses of $670,438 sustained by the decedent upon the sales of these shares of stock were not capital losses but were losses deductible as ordinary deductions within the meaning of section 23(e) and section 101(c) (4) of the Revenue Act of 1928, 26 U.S.C.A. §§ 23 note, 101 note.

The income tax due by the decedent for the calendar year 1931 was overpaid in the sum of $10,200.

In No. 18850 the defendants are entitled to judgment.

In No. 19752 the plaintiffs are entitled to judgment for the sum of $10,200, with interest from December 15, 1932.

I accordingly find against the plaintiff and in favor of the defendants in No. 18-850 and in favor of the plaintiffs and against the defendant for the sum of $10,200, with interest from December 15, 1932, in No. 19752.