**BANK OF NEW YORK & TRUST CO. et al. v. UNITED STATES.**

District Court, S. D. New York.

Oct. 28, 1938.

Barr, Robbins & Palmer, of New York City (William G. Barr and Malcolm G. Spooner, both of New York City, of counsel), for plaintiffs.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

The plaintiffs may have judgment as prayed for $6,801.22, with interest thereon from June 8, 1934 until paid.

As this is a suit against the United States there will not be any costs allowed.

I. My subject matter jurisdiction herein is based on the so-called Tucker Act as amended, which gives this Court concurrent jurisdiction with the Court of Claims in respect of all claims against the United States not exceeding $10,000, in cases not sounding in tort. Title 28 United States Code, Section 41 (20).

II. Although the action is brought by the surviving trustees of Mr. George Blagden, the taxpayer, there is not any objection to its maintenance on the ground that it is an action against the United States on an assigned claim. For the title to the claim reached the plaintiffs as trustees by devolution of law. The executors of Mr. Blagden have accounted and been discharged by the Surrogate's Court of New York County, whereupon this claim vested under operation of Mr. Blagden's will in his trustees as part of his residuary estate.

III. It is common ground that on December 23, 1931, when, in respect of the matters involved herein, the Revenue Act of 1928, 45 Stat. 791, was in force, Mr. Blagden sold for $32,501.70 eight hundred and twenty shares of the common stock of United States Steel which he had owned for more than two years and for which he had paid $107,966.38.

At this stage of the situation Mr. Blagden had suffered a capital net loss, as defined by Section 101(b) of the Revenue Act of 1928, 26 U.S.C.A. § 101(b) note, of $75,964.68, on which he would have been entitled to a deduction of 12½% thereof only.

On the next day, December 24, 1931, Mr. Blagden purchased 820 shares of the same stock paying therefor $32,640.50.

Then, under Section 118 of the Revenue Act of 1928, 26 U.S.C.A. § 118 note, Mr. Blagden was precluded—if the situation had stopped there—from making any deduction from his income because within thirty days of the sale of his 820 shares

of United States Steel common stock he had purchased another 820 shares of that stock.

But the situation did not stop at this point.

The Revenue Act of 1928, Section 113 (a), Subdivision 11, 26 U.S.C.A. § 113(a) (11), reads:

"(a) *Property Acquired After February 28, 1913.* The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

"*      *      *      *      *      *

"(11) *Wash sales of stock.*—If substantially identical property was acquired after December 31, 1920, in place of stock or securities which were sold or disposed of and in respect of which loss was not allowed as a deduction under section 118 of this Act, or under section 214(a) (5) or 234(a) (4) of the Revenue Act of 1921, the Revenue Act of 1924, or the Revenue Act of 1926 the basis in the case of the property so acquired shall be the basis in the case of the stock or securities so sold or disposed of, except that if the repurchase price was in excess of the sale price such basis shall be increased in the amount of the difference, or if the repurchase price was less than the sale price such basis shall be decreased in the amount of the difference; *      *      *.*"

Taking advantage of this provision, Mr. Blagden sold his repurchased 820 shares of Steel common stock on December 29, 1931, for $30,181.70, thus taking a second loss.

Worked out in a sum, this statutory formula for turning a capital net loss under Section 101(b), 26 U.S.C.A. § 101 (b) note, with only a 12½% deduction from income, into an ordinary loss, wholly deductible under Section 23(e) (2), 26 U.S.C.A. § 23(e) (2) note, results thus in the instant cause—

| | | |
|---|---|---|
| Cost basis of original stock | | $107,966.38 |
| Cost of repurchased stock | $32,640.50 | |
| Proceeds of first sale | 32,501.70 | 138.80 |
| Adjusted basis of repurchased stock | | $108,105.18 |
| Proceeds of repurchased stock | | 30,181.70 |
| Loss | | $ 77,923.48 |

IV. The authorities on the construction of the statute in this regard are all with the plaintiffs, and stem from the decision of the Board of Tax Appeals in the case of Heinz v. Commissioner of Internal Revenue, 34 B.T.A. 885, in which the Board of Tax Appeals reversed the Commissioner and sustained the taxpayer's contention. This case was affirmed by the Circuit Court of Appeals for the Third Circuit on February 11, 1938. Heinz v. Commissioner of Internal Revenue, 94 F. 2d, 832.

Meantime, the same question of construction had twice come before the Circuit Court of Appeals for this Circuit, and, on the same day, June 28, 1937, both cases were decided in the taxpayer's favor. Commissioner v. Cary, 91 F.2d, 1009; Commissioner v. Peck, 91 F.2d, 1011. The Court did not write an opinion in either case, and the Board of Tax Appeals decided both of the cases just mentioned, in memorandum opinions, on the authority of the case of Heinz v. Commissioner of Internal Revenue, 34 B.T.A. 885, above referred to.

Precisely the same question of statutory construction of the 1928 Revenue Act was decided on the same authority against the Commissioner on January 18, 1937 in a memorandum opinion by the Board of Tax Appeals in the case of Commissioner v. Neylan, 35 B.T.A. 1234. The Commissioner appealed this decision of the Board to the Circuit Court of Appeals for the Ninth Circuit which affirmed the Board in Commissioner of Internal Revenue v. Neylan, 97 F.2d, 410.

To the same effect also is the case of United States v. Bok, 22 F.Supp. 864, decided by the District Court for the Eastern District of Pennsylvania on the authority of the decision of the Circuit Court of Appeals for the Third Circuit in the Heinz Case.

■ V. Mr. Schoonmaker for the government—conceding that the original purchase of 820 shares of Steel common was a "transaction entered into for profit" within the meaning of Section 23(e) (2) —contends, with his usual ingenuity, (1) that the repurchase of 820 shares of Steel common on December 24, 1931, has not been shown to have been a transaction entered into for profit within the meaning of Section 23(e) (2), (2) that the plaintiffs have the burden of showing this, and have failed to sustain that burden, and (3) that, consequently, the complaint must be dismissed.

I think that the answers to this contention, so far as I am concerned, must be

that this Circuit Court of Appeals has ruled twice for the taxpayer on precisely similar states of facts. That the point now raised by Mr. Schoonmaker was apparently not raised in the cases referred to does not dilute their authority with me for the point was there.

But, aside from the authorities referred to, I think that Section 113(a), Subdivision 11, and Section 118 read together, cover the precise situation here involved and sustain the taxpayer's contention. So that if one had an original transaction entered into for profit, as is here admitted, Section 113(a), Subdivision 11, furnished a specific method of converting a capital loss resulting therefrom into an ordinary loss. Cf. the last paragraph of the opinion in Lewis v. Commissioner of Internal Revenue, 34 B.T.A. 996, at page 997.

VI. Unless agreed on, findings of fact and conclusions of law in accordance with this opinion must be submitted to me through the Clerk's office by the plaintiffs' counsel on five days' notice.