**UNITED STATES v. BOK et al. (two cases).**
**Nos. 6800, 6801.**

Circuit Court of Appeals, Third Circuit.
March 2, 1939.

James W. Morris, Asst. Atty. Gen., and Sewall Key, J. L. Monarch, F. A. Michels,

and S. Dee Hanson, Sp. Assts. to the Atty. Gen. (J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., of counsel), for the United States.

Weill, Nesbit & Lisenby, of Philadelphia Pa. (Alfred S. Weill and Albert S. Lisenby, both of Philadelphia, Pa., of counsel), for appellees.

Before DAVIS, BIGGS, and BUFFINGTON, Circuit Judges.

PER CURIAM.

These appeals arise out of two distinct proceedings in the District Court. Appeal No. 6800 involves a suit by the government to recover from the appellees the amount of a refund of income taxes for the year 1931. Appeal No. 6801, on the other hand, involves a suit by the appellees against the government to recover an alleged overpayment of income taxes for the same year. Both actions are based upon the same facts, involve the same principle of law, and, by stipulation of the parties, were consolidated for trial and upon appeal.

The question involved is whether under the Revenue Act of 1928, 45 Stat. 791, certain losses sustained by Cyrus H. K. Curtis, deceased, were ordinary losses, as the appellees, executors of the decedent's estate, contend, or whether such losses were capital losses, as the commissioner contends.

The decedent owned certain securities for over two years which, in December, 1931, he sold. In the same month, however, he repurchased and resold the same number of shares of stock in the same corporations. As a result of those transactions, he sustained losses totalling $670,438.50.

The District Court, relying upon the decision of this court in the case of Heinz v. Commissioner, 3 Cir., 94 F.2d 832, which involved the same question as here presented, filed an opinion in which it determined that the losses so sustained were ordinary and not capital losses. 22 F.Supp. 864. It, therefore, entered judgment for the appellees in both cases, and the government thereupon appealed to this court.

There can be no doubt that our decision on the first question involved in the case of Heinz v. Commissioner, supra, controls the question here at issue. We have recently had occasion to reconsider our decision in that case, and in a per curiam opinion, filed January 30, 1939, we reaffirmed our former opinion which we think is correct. Commissioner v. Neylan, 9 Cir., 97 F.2d 410; McFeely v. Commissioner, 296 U.S. 102, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304.

The judgments of the District Court are affirmed.